J-S42041-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | |
| MICHAEL GEORGE DEEP | |
| Appellant | No. 1862 WDA 2015 |

Appeal from the PCRA Order July 31, 2015
in the Court of Common Pleas of Washington County Criminal Division
at No(s): CP-63-CR-0001722-2005

BEFORE: SHOGAN, OTT, and FITZGERALD,[*] JJ.

MEMORANDUM BY FITZGERALD, J.:                **FILED SEPTEMBER 27, 2016**

*Pro se* Appellant, Michael George Deep, appeals from the order dismissing his fourth petition pursuant to the Post Conviction Relief Act[1] ("PCRA").  Upon review, we affirm, though on different grounds than the PCRA court.

The PCRA court recited the relevant procedural history:

> On October 27, 2006, [Appellant] was convicted by a jury of two counts each of sexual assault, endangering the welfare of children, and corruption of minors relating to his abuse of his minor step-daughter.  The presiding judge was Paul Pozonsky.  On March 22, 2007, the trial court sentenced [Appellant] to an aggregate term of not less than fourteen but not more than forty-four years of incarceration.  [Appellant] filed post-sentence motions that were denied by operation of law.  He filed an appeal to the Superior Court which, on April 15, 2009, affirmed the

---

[*] Former Justice specially assigned to the Superior Court.

[1] 42 Pa.C.S. §§ 9541-9546.

judgment of sentence. [Appellant] then sought an appeal to the Pennsylvania Supreme Court. On October 20, 2009, the Supreme Court denied review.

On August 6, 2010, [Appellant] filed his first PCRA petition, which was completed with the assistance of counsel. After issuing a Rule 907 notice of its intent to dismiss the petition without a hearing, *see* Pa.R.Crim.P. 907(1), the trial court formally dismissed the petition on September 27, 2010. On September 16, 2011, the Superior Court affirmed in part, vacated in part, and remanded for an evidentiary hearing on [Appellant's] claim that trial counsel was ineffective for failing to meet with him prior to trial. After remand, the PCRA court held the ordered hearing on December 19, 2011. On May 22, 2012, the trial court dismissed [Appellant's] petition. On September 13, 2013, the Superior Court affirmed the dismissal. On February 20, 2014, the Pennsylvania Supreme Court denied [Appellant's] petition for allowance of appeal.

On February 24, 2014, [Appellant] filed a *pro se* second PCRA petition. On March 18, 2014, the PCRA court issued a Rule 907 notice of its intent to dismiss [Appellant's] petition without a hearing. [Appellant] filed a response to this notice on March 31, 2014, and, on April 8, 2014, the court dismissed the petition as untimely. On July 11, 2014, [Appellant] filed a motion to file an appeal *nunc pro tunc*, which the court granted the same day. On July 31, 2014, [Appellant] filed a notice of appeal from the court's April 8, 2014 order. On August 21, 2014, while his appeal of the PCRA court's April 8, 2014 order was still pending, [Appellant] filed a third PCRA petition *pro se*. On August 29, 2014, the court dismissed Appellant's petition on the basis of ***Commonwealth v. Lark***, 746 A.2d 585, 588 (Pa. 2000). On September 17, 2014, [Appellant] discontinued his appeal of the PCRA court's April 8, 2014 order.

On September 23, 2014, [Appellant] timely appealed from the PCRA court's August 29, 2014 order dismissing his third PCRA petition on the basis of a pending appeal. The PCRA court dismissed [Appellant's] third PCRA petition pursuant to ***Lark***, ***supra*** because his prior PCRA appeal

> still was pending in the Superior Court. On May 5, 2015, the Superior Court affirmed the PCRA court's dismissal.

PCRA Ct. Op. at 1-2.

On June 23, 2015, the court docketed Appellant's *pro se* and fourth PCRA petition. Appellant contended he was eligible for relief only under 42 Pa.C.S. § 9543(a)(2)(i), "A violation of the Constitution of this Commonwealth or the Constitution or laws of the United States which, in the circumstances of the particular case, so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place." Appellant's PCRA Pet., 6/23/15, at 2. Appellant attached Exhibit 1, the undated findings of the grand jury convened to review evidence of Pozonsky's misconduct during his time as a judge.

The grand jury findings referenced Pozonsky's May 1, 2012 court order to destroy evidence in sixteen separate cases, including a 2004 case captioned **Commonwealth v. Damon Reed**. Ex. 1 at 9. According to the grand jury findings, in that case, the police apprehended Mr. Reed and retrieved "23.7 grams of cocaine base and 10.1 grams of powder cocaine as well as 10.2 grams of marijuana." **Id.** A district attorney testified that the police evidence log indicated that the evidence was sent to Pozonsky. **Id.** There is no record that the evidence was returned. **Id.** The next paragraph, however, states that the box was discovered outside of Pozonsky's chambers, contained evidence from a prior homicide trial, and that "no

- 3 -

controlled substances [were] in the box nor had any been introduced at the trial." *Id.*

Appellant also attached Exhibit 2, a *Pittsburgh Tribune-Review* article dated March 21, 2015, stating Pozonsky had pled guilty to theft by unlawful taking, obstruction of the administration of law, and misappropriation of entrusted property and property of government institutions on March 20, 2015, in the Court of Common Pleas of Washington County. Other attachments included Exhibit 3, a *Pittsburgh Post-Gazette* article dated December 30, 2012, discussing Pozonsky's resignation and subsequent investigation by a grand jury; Exhibit 4, a *Mud Flats* blog post dated December 11, 2012, discussing political controversies regarding Pozonsky's then-new job in Alaska; and Exhibits 5 and 6, articles from the Pittsburgh Post-Gazette and the Pittsburgh Tribune-Review, both dated May 23, 2013, discussing charges brought against Pozonsky after the conclusion of the grand jury investigation.

On July 8, 2015, the PCRA court entered an order stating its intent to dismiss Appellant's petition without a hearing. The court dismissed the petition on July 31, 2015. On November 15, 2015, Appellant filed an application to appeal *nunc pro tunc*, attaching a Notice of Appeal mailed on August 11, 2015, which was not received by the court. The court granted

the application on November 20, 2015, and filed a Pa.R.A.P. 1925(a) opinion on December 14, 2015 that incorporated its July 8, 2015 order.[2]

Appellant raises the following three issues for our review:

I. Whether the lower court erred in dismissing Appellant's PCRA petition based on the finding that said petition was untimely, where the Appellant was procedurally barred from filing said petition until the outcome of a then-pending appeal[?]

II. Whether the lower court erred in dismissing Appellant's PCRA petition based on the finding that Appellant failed to show bias or interest in the outcome of the proceedings by former judge Paul Pozonsky[?]

III. Whether the lower court erred in dismissing Appellant's PCRA petition based on the finding that former judge Paul Pozonsky's misconduct began in 2011, long after Appellant's trial, where legal records show that said misconduct began as far back as 2004, long before Appellant's trial[?]

Appellant's Brief at 2.[3]

We address the timeliness of the petition as a prefatory matter. Appellant's first claim is that he was procedurally barred from bringing the instant fourth petition until a prior PCRA appeal had been resolved. *Id.* at 6-7. The PCRA court dismissed Appellant's fourth PCRA petition as untimely because it was filed more than sixty days after Pozonsky entered his guilty plea. PCRA Ct. Op. at 4.

---

[2] The PCRA court did not direct Appellant to file a Rule 1925(b) statement.

[3] The Commonwealth did not file a brief.

It is well established that the timeliness requirements of the PCRA are "jurisdictional in nature and must be strictly construed; courts may not address the merits of the issues raised in a petition if it is not timely filed." *Commonwealth v. Walters*, 135 A.3d 589, 591 (Pa. Super. 2016) (citation omitted). We may also affirm on any basis. *Commonwealth v. Clouser*, 998 A.2d 656, 661 n.3 (Pa. Super. 2010).

The requirements for a timely PCRA petition are governed by 42 Pa.C.S. § 9545(b):

> (1) Any petition under this subchapter, including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final, unless the petition alleges and the petitioner proves that:
>
>     \*     \*     \*
>
> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence . . .
>
>     \*     \*     \*
>
> (2) Any petition invoking an exception provided in paragraph (1) shall be filed within 60 days of the date the claim could have been presented.

42 Pa.C.S. § 9545(b). Appellant has an obligation to establish jurisdiction by alleging and proving (a) the existence of facts that were unknown to him and (b) his exercise of due diligence in discovering those facts in order to obtain relief. *Commonwealth v. Brown*, 111 A.3d 171, 177 (Pa. Super. 2015). Even if a matter is of "public record," Appellant must establish due diligence. *Commonwealth v. Bennett*, 930 A.2d 1264, 1274 (Pa. 2007).

In analyzing whether a petition falls under the Section 9545(b)(1)(ii) exception, no analysis of the merits of Appellant's claim is required. *Id.* at 1271. However, a claim based on inadmissible hearsay does not satisfy the "new facts" exception under Section 9545(b)(1)(ii). *Commonwealth v. Abu-Jamal*, 941 A.2d 1263, 1269 (Pa. 2008). Newspaper articles, in which a reporter relays what he or she has been told by another person, are "double hearsay." *Commonwealth v. Castro*, 93 A.3d 818, 826 (Pa. 2014).[4]

In determining timeliness under Section 9545(b)(2), "when an appellant's PCRA appeal is pending before a court, a subsequent PCRA petition cannot be filed until the resolution of review of the pending PCRA petition by the highest state court in which review is sought or upon the expiration of the time for seeking such review." *Commonwealth v. Lark*, 746 A.2d 585, 588 (Pa. 2000). The date of the resolution of review (or the date of expiration for seeking review) of the initial PCRA petition is therefore counted as the first "date the claim could have been presented," and the subsequent PCRA petition must be filed within sixty days of that date. *Id.*

---

[4] Although *Castro* addressed after-discovered evidence in the context of a direct appeal, its categorization of newspaper articles as hearsay has been cited in the context of a PCRA in non-precedential decisions of this Court. *See, e.g.*, *Commonwealth v. Enlow*, No. 1969 EDA 2013 at 6 (Pa. Super. Dec. 22, 2014) (unpublished memorandum).

Instantly, because Appellant has attached multiple exhibits spanning years, we engage in a two-step analysis for determining the instant PCRA petition's timeliness. First, under Section 9545(b)(1)(ii), we must consider whether the facts underlying Appellant's claim qualify as "new facts," were unknown to the petitioner, and could not have been ascertained by the exercise of due diligence. If so, then we consider whether the instant petition is timely filed under the requirements of Section 9545(b)(2) and *Lark*.

Although the facts underlying Appellant's claim were likely unknown to him, the vast majority of the exhibits that Appellant attaches are newspaper articles containing inadmissible hearsay and do not qualify as "new facts" under Section 9545(b)(1)(ii). *See Abu-Jamal*, 941 A.2d at 1269; *see also Castro*, 93 A.3d at 826. The sole potential exception is Exhibit 1, the findings of the state grand jury, which were published sometime before May 23, 2013.[5]

However, Exhibit 1 does not fulfill the requirement of Section 9545(b)(2), because Appellant did not file the petition within sixty days of when the claim could have first been presented on May 23, 2013. Indeed, Appellant could have incorporated the claims in his second or third PCRA

---

[5] Although the findings are undated, Exhibits 5 and 6 were published in late May 2013 and referenced charges being brought against Pozonsky based on the findings of the grand jury.

petitions, both of which were filed in 2014. *See* PCRA Ct. Op. at 1-2; *Lark*, 746 A.2d at 588. Appellant offers absolutely no explanation as to why he did not raise these claims in his previous PCRA petitions and presents no claim that would excuse this untimeliness. *See Brown*, 111 A.3d at 177. Therefore, Appellant's petition does not meet the requirements of Section 9545(b)(1)(ii) for an exception to the one year PCRA time-bar and the PCRA court lacked jurisdiction over his untimely petition.[6] *See* 42 Pa.C.S. §

---

[6] Regardless, Appellant failed to establish that the trial court committed two alleged errors while purportedly under the influence of narcotics. *See* Appellant's Brief at 8-9. First, with respect to his *Brady* claim, Appellant does not explain (1) how the photographs were exculpatory or impeaching evidence and (2) how the Commonwealth withheld or suppressed them, and thus he waived this argument. *See generally Commonwealth v. Cam Ly*, 980 A.2d 61, 75 (Pa. 2009). The Commonwealth's expert testified that for the past fourteen years, she has not publicly exhibited photographs of the victim's genitals because of a strong sense of privacy and because her report and photographs are peer reviewed. N.T. Trial, 10/25/06, at 59. Regardless, the Commonwealth introduced other photographs of the victim's genitals, and Appellant's expert viewed those photographs and rendered an opinion. N.T. Trial, 10/26/06, at 128. Second, Appellant did not establish the trial court abused its discretion by permitting rebuttal testimony. The Commonwealth's expert was called to rebut Appellant's expert's testimony that "forced penetration would cause . . . lacerations, scarring and abrasions." N.T. Trial, 10/27/06, at 20. The Commonwealth's expert countered that sexual assaults on young women commonly lack such indicia of trauma. *Id.* at 21. She explained the assault is

> done in a way it's not also a physically violent force. It's intended not to hurt them, and often times the young woman doesn't know what's going on and often does not fight physically. We often will see acute sexual assaults where there is not the injury you described.

9545(b); **Walters**, 135 A.3d at 591. Accordingly, having discerned no abuse of discretion or error of law, we affirm.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 9/27/2016

---

**Id.** at 21-22. We discern no error by the trial court in permitting this rebuttal testimony; it was for the jury to evaluate the experts' competing testimony.