J-S23007-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA, | | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|---|
| Appellee | | |
| v. | | |
| MICHAEL LEONARD RAZNY, | | |
| Appellant | | No. 3186 EDA 2016 |

Appeal from the PCRA Order of September 23, 2016
In the Court of Common Pleas of Pike County
Criminal Division at No(s): CP-52-CR-0000110-2009

BEFORE:  OLSON, SOLANO and MUSMANNO, JJ.

MEMORANDUM BY OLSON, J.:                    **FILED APRIL 21, 2017**

Appellant, Michael Leonard Razny, appeals from the order entered on September 23, 2016, dismissing as untimely his petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546.  We affirm.

The PCRA court summarized the facts and procedural history of this case as follows:

> On June 11, 2009, [Appellant] entered a guilty plea to one (1) count of robbery under 18 Pa.C.S.A. § 3701(a)(1)(ii) and one count of firearms not to be carried without a license under 18 Pa.C.S.A. § 6106(a).  The plea agreement included a minimum mandatory sentence of five (5) years['] incarceration[, pursuant to 42 Pa.C.S.A. § 9712 (sentences for offenses committed with firearms),] due to the factual allegation that [Appellant] pointed a modified Mossberg shotgun at the victim.
>
> On August 27, 2009, [Appellant] was sentenced [] to a total aggregate sentence of incarceration in a state correctional

facility for a period of not less than ten and one half (10.5) years nor more than twenty-one (21) years. [Appellant] filed a motion for modification of sentence on September 8, 2009, and [the trial] court denied [Appellant's] motion on September 11, 2009.

On March 3, 2016, [Appellant] filed a *pro se* PCRA petition and argued that his mandatory minimum sentence was unconstitutional based on the Supreme Court of Pennsylvania's decision in ***Commonwealth v. Hopkins***, [117 A.3d 247 (Pa. 2015), filed on June 15, 2015]. [The PCRA court] appointed [] PCRA counsel on March 4, 2016. An evidentiary hearing was held on August 5, 2016. [PCRA] counsel filed a motion to withdraw as counsel and no-merit letter on September 21, 2016. On September 23, 2016, [the PCRA court] entered an order which notified [Appellant] of the intention to dismiss his PCRA [petition, pursuant to Pa.R.A.P. 907]. The order also stated that [Appellant] was entitled to respond to the proposed dismissal within twenty (20) days of the order.

[Appellant] did not file a response to [the PCRA court's] order of September 23, 2016. However, on October 12, 2016, [] Appellant filed a premature notice of appeal as to the order dated September 23, 2016. On October 14, 2016, [the PCRA court] entered an order dismissing [Appellant's petition] for [PCRA] relief and granting [PCRA counsel's] motion to withdraw as counsel. On that same day, [the PCRA court] ordered [] Appellant [to] file a concise statement of [errors] complained of on appeal [pursuant to Pa.R.A.P. 1925(b)] within twenty-one (21) days from the date of the order.

PCRA Opinion, 11/23/2016, at 1-2 (unpaginated) (superfluous capitalization omitted).

The PCRA court filed an opinion pursuant to Pa.R.A.P. 1925(a) on November 23, 2016. As of the time of the filing of that opinion, Appellant had not filed a Rule 1925(b) concise statement. Thus, the PCRA court was

"of the opinion that no issue [had] been preserved for appellate review." ***Id.*** at 2 (unpaginated).

We review the denial of PCRA relief to determine whether the findings of the PCRA court are supported by the record and free of legal error. ***Commonwealth v. Dennis***, 17 A.3d 297, 301 (Pa. 2011) (citation omitted).

On appeal, Appellant does not address the PCRA court's determination that his failure to file a Rule 1925(b) statement resulted in waiver of appellate review of the dismissal of his PCRA petition. Our Supreme Court has stated that our jurisprudence is clear and well-settled, and firmly establishes that:

> Rule 1925(b) sets out a simple bright-line rule, which obligates an appellant to file and serve a Rule 1925(b) statement, when so ordered; any issues not raised in a Rule 1925(b) statement will be deemed waived; the courts lack the authority to countenance deviations from the Rule's terms; the Rule's provisions are not subject to *ad hoc* exceptions or selective enforcement; appellants and their counsel are responsible for complying with the Rule's requirements; Rule 1925 violations may be raised by the appellate court *sua sponte,* and the Rule applies notwithstanding an appellee's request not to enforce it[.] […]In order to preserve their claims for appellate review, [a]ppellants must comply whenever the trial court orders them to file a [s]tatement of [errors] [c]omplained of on [a]ppeal pursuant to Pa.R.A.P. 1925. Any issues not raised in a Pa.R.A.P. 1925(b) statement will be deemed waived.

***Commonwealth v. Hill***, 16 A.3d 484, 494 (Pa. 2011). "[A] *pro se* litigant must comply with the procedural rules set forth in the Pennsylvania Rules of [Appellate Procedure]." ***Commonwealth v. Freeland***, 106 A.3d 768, 776

- 3 -

(Pa. Super. 2014) (citation omitted). Based upon all of the foregoing, we conclude that Appellant waived all issues for appellate review.

Had Appellant properly preserved his claims, however, we further conclude that the PCRA court was without jurisdiction to entertain Appellant's untimely PCRA petition. We have previously determined:

> It is well-established that the PCRA's timeliness requirements are jurisdictional in nature and must be strictly construed; courts may not address the merits of the issues raised in a petition if it is not timely filed. Generally, a PCRA petition must be filed within one year of the date the judgment of sentence becomes final unless the petitioner meets his burden to plead and prove one of the exceptions enumerated in 42 Pa.C.S.A. § 9545(b)(1)(i)-(iii), which include: (1) the petitioner's inability to raise a claim as a result of governmental interference; (2) the discovery of previously unknown facts or evidence that would have supported a claim; or (3) a newly-recognized constitutional right. However, the PCRA limits the reach of the exceptions by providing that a petition invoking any of the exceptions must be filed within 60 days of the date the claim first could have been presented.

*Commonwealth v. Walters*, 135 A.3d 589, 591–592 (Pa. Super. 2016) (internal citations and quotations omitted).

Appellant's current PCRA petition was filed over a year after his judgment of sentence became final. A judgment of sentence becomes final at the conclusion of direct review or when the time for seeking direct review expires. *See* 42 Pa.C.S.A. § 9545(b)(3). When a timely post-sentence motion is filed, an appellant has 30 days from the entry of the order deciding the motion to file a notice of appeal. *See* Pa.R.Crim.P. 720(A)(2)(a). Thus, Appellant had 30 days from September 11, 2009 to file a direct appeal with

this Court. Appellant did not. Thus, upon expiration of the 30-day appeal period, Appellant's judgment of sentence became final on Monday, October 12, 2009. *See* 1 Pa.C.S.A § 1908 ("Whenever the last day of [a statutory] period shall fall on [] Sunday [] such day shall be omitted from the computation."). Therefore, Appellant's PCRA petition filed on March 3, 2016, over six years later, was patently untimely.

Pursuant to 42 Pa.C.S.A. § 9545(b)(1)(iii), Appellant claims that his mandatory minimum sentence is illegal because 42 Pa.C.S.A. § 9712 is unconstitutional based on the Supreme Court of Pennsylvania's decision in **Commonwealth v. Hopkins**, 117 A.3d 247 (Pa. 2015)[1] and the United States Supreme Court's decision in **Alleyne v. United States**, 133 S. Ct. 2151 (2013). Appellant's Brief at 9, 11. However, in **Commonwealth v. Washington**, 142 A.3d 810 (Pa. 2016), our Supreme Court, in specifically examining Section 9712, held "that **Alleyne** does not apply retroactively to cases pending on collateral review[.]" **Washington**, 142 A.3d at 820. Thus, Appellant cannot rely on **Alleyne** or its progeny as a newly recognized constitutional right in the PCRA context. As such, we discern no error of law

_____

[1] **Hopkins** was a direct appeal challenge to the constitutionality and severability of 18 Pa.C.S.A. § 6317(a) (imposing a mandatory minimum for drug-free school zones). The procedural posture and mandatory minimum sentencing statute are completely different from the instant case. We declared Section 9712 unconstitutional in **Commonwealth v. Valentine**, 101 A.3d 801 (Pa. Super. 2014), after Appellant's judgment of sentence became final. Thus, in order to be entitled to relief, Appellant must establish he is entitled to retroactive application of the law.

by the PCRA court for dismissing Appellant's PCRA petition for lack of jurisdiction.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 4/21/2017