J-S01019-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| FRANCISCO C. SANTIAGO | : | |
| | : | |
| Appellant | : | No. 830 MDA 2017 |

Appeal from the PCRA Order April 13, 2017
In the Court of Common Pleas of Luzerne County Criminal Division at
No(s):  CP-40-CR-0004077-2014

BEFORE:  GANTMAN, P.J., MURRAY, J., and MUSMANNO, J.

MEMORANDUM BY MURRAY, J.:                    **FILED FEBRUARY 15, 2018**

Francisco C. Santiago (Appellant) appeals from the order denying his first Post Conviction Relief Act[1] (PCRA) petition because it was untimely. Appellant's counsel, Matthew P. Kelly, Esq. (Counsel), has filed a petition to withdraw pursuant to **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988), and **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988) (*en banc*).[2] We affirm and grant Counsel's petition to withdraw.

On June 22, 2015, Appellant pled guilty to possession with intent to

---

[1] 42 Pa.C.S.A. §§ 9541-9546.

[2] The Commonwealth indicated by correspondence dated December 5, 2017 that it would not submit an appellate brief.

deliver[3] (PWID) heroin and PWID marijuana. On September 3, 2015, the trial court imposed a sentence of 21 to 42 months' imprisonment on the PWID heroin charge and a consecutive six to 12 months' imprisonment on the PWID marijuana charge. While the court stated that these sentences were at the lower end of the sentencing guideline ranges, there is no indication that any particular mandatory minimum sentence was imposed. *See* N.T., 9/3/15, at 7. Appellant did not file a direct appeal.

On January 6, 2017, Appellant filed the underlying PCRA petition *pro se*. He did not plead any of the PCRA's timeliness exceptions under 42 Pa.C.S.A. § 9545(b)(1), but averred that on December 15, 2016, an inmate told him that the Commonwealth did not have "Tenth Amendment authority to try, convict sentence, or imprison" him because it had relinquished such authority when it accepted federal funds through the Violent Offender Incarceration and Truth-In-Sentencing (VOI/TIS) Incentive Program, 42 U.S.C. § 13701 *et seq.*, and "other federal regulatory crimefighting [sic] programs."[4] Appellant's PCRA Pet. at 3-4. Appellant claimed that the same

---

[3] 35 P.S. § 780-113(a)(30).

[4] The Tenth Amendment to the United States Constitution provides, "The powers not delegated to the United States by the Constitution, nor prohibited by it to the States, are reserved to the States respectively, or to the people." U.S. Const. Amend. X. "The . . . VOI/TIS . . . Program provided states with funding to build or expand correctional facilities and jails." Violent Offender Incarceration & Truth-In-Sentencing (VOI/TIS)
*(Footnote Continued Next Page)*

- 2 -

prisoner also told him *Alleyne v. United States*, 570 U.S. 99 (2013), had retroactive application and thus his "statutory mandatory minimum sentences" were unconstitutional. *Id.* at 4. Finally, Appellant argued that trial counsel was ineffective for failing to inform him of these issues, advising him to plead guilty, and failing to pursue these issues on direct appeal. *Id.*

The PCRA court appointed Paul Galante, Esq., to represent Appellant, and on April 13, 2017, the court conducted a hearing, at which Appellant testified by videoconference. In response to the PCRA court's finding that the petition was filed more than one year after Appellant's judgment of sentence became final, Appellant testified, without further elaboration, that he did not know until December 15, 2016 that he could file a PCRA petition. N.T., 4/13/17, at 6-8.[5] With respect to Appellant's sentence, the PCRA court stated that *Alleyne* was not implicated because no mandatory sentence was imposed in this case; furthermore, the court rejected a new argument advanced by Appellant at the hearing — that his sentences should have run

_____
*(Footnote Continued)* ———————————

Incentive Program, https://www.bja.gov/ProgramDetails.aspx?Program_ID= 93.

[5] The PCRA hearing transcript, which was necessary for our review, was not included in the certified record transmitted to this Court. Upon inquiry by this panel, the PCRA court provided the transcript. Notwithstanding Counsel's petition to withdraw, we remind him, "Our law is unequivocal that the responsibility rests upon the appellant to ensure that the record certified on appeal is complete in the sense that it contains all of the materials necessary for the reviewing court to perform its duty." *See Commonwealth v. Preston*, 904 A.2d 1, 7 (Pa. Super. 2006).

concurrently because the charges were filed under the same docket. *Id.* at 3-5. The court concluded Appellant failed to establish that his petition was timely filed and thus dismissed it. In its opinion, the PCRA court added that Appellant's testimony was not credible, and that even if it believed Appellant, Appellant did not establish any of the PCRA timeliness exceptions. PCRA Ct. Op. at 3.

Appellant filed a timely appeal, but Attorney Galante failed to comply with the PCRA court's order to file a Pa.R.A.P. 1925(b) statement; thus, the PCRA court found all issues waived. *Id.* at 2. Attorney Galante then failed to file an appellate brief, and on September 27, 2017, this Court remanded for a hearing to determine whether he abandoned Appellant. Attorney Galante failed to appear at that hearing, and on October 13, 2017, the PCRA court found that he abandoned Appellant. The court then appointed current Counsel, Matthew P. Kelly, Esq., to represent Appellant. Counsel has now filed with this Court a petition to withdraw, as well as a brief setting forth Appellant's claim that his PCRA petition was timely filed. Appellant has not filed a response.

We first consider Counsel's petition to withdraw. Pursuant to **Turner** and **Finley**, counsel seeking to withdraw from PCRA representation must:

> submit a "no-merit" . . . brief . . . to this Court, detailing the nature and extent of counsel's diligent review of the case, listing the issues which petitioner wants to have reviewed, explaining why and how those issues lack merit, and requesting permission to withdraw.

Counsel must also send to the petitioner: (1) a copy of the "no merit" letter/brief; (2) a copy of counsel's petition to withdraw; and (3) a statement advising petitioner of the right to proceed *pro se* or by new counsel.

Where counsel submits a petition and no-merit letter that . . . satisfy the technical demands of ***Turner***/***Finley***, the court . . . must then conduct its own review of the merits of the case. If the court agrees with counsel that the claims are without merit, the court will permit counsel to withdraw and deny relief.

***Commonwealth v. Walters***, 135 A.3d 589, 591 (Pa. Super. 2016) (citation omitted).

After reviewing the record and Counsel's brief, we find the purpose of the ***Turner***/***Finley*** requirements have been fulfilled. Counsel's petition to withdraw states that he reviewed the record and has concluded that this appeal is wholly frivolous and there are no meritorious issues, and that he has advised Appellant of his right to proceed *pro se* or with privately retained counsel. Further, Counsel's brief sets forth the appropriate procedural history of this case. In setting forth Appellant's argument as to why his PCRA petition should be deemed timely, Counsel simply states:

Specifically, Appellant testified that he obtained information from another inmate with regard to the timeframe for filing a PCRA on December 15, 2016. (N.T. p. 6-8). Appellant contends that the filing of his PCRA on January 6, 2016 falls within the 60 days exception pursuant to 42 Pa.C.S.A. § 9545(b)(2), and is thus timely.

***Turner***/***Finley*** Brief at 6. This discussion does not explain whether Appellant relies on any particular timeliness exception under 42 Pa.C.S.A. § 9545(b)(1), nor does it refer to any of the claims raised in the petition.

- 5 -

Moreover, our review of the record and PCRA hearing transcript reveals Appellant has not invoked any particular § 9454(b)(1) exception.

"'On appeal from the denial of PCRA relief, our standard and scope of review is limited to determining whether the PCRA court's findings are supported by the record and without legal error.' . . . 'The PCRA court's credibility determinations, when supported by the record, are binding on this Court.'" ***Commonwealth v. Medina***, 92 A.3d 1210, 1214 (Pa. Super. 2014) (citations omitted).

> "Pennsylvania law makes clear no court has jurisdiction to hear an untimely PCRA petition." . . . "A petition for relief under the PCRA, including a second or subsequent petition, must be filed within one year of the date the judgment becomes final unless the petition alleges, and the petitioner proves, that an exception to the time for filing the petition, set forth at 42 Pa.C.S.A. § 9545(b)(1)(i), (ii), and (iii), is met."

***Id.*** at 1215 (citations omitted).

Appellant was sentenced on September 3, 2015, and did not file a direct appeal. Thus, his judgment of sentence became final on the day his 30-day period for taking an appeal concluded, on Monday, October 5, 2015.[6] ***See*** 42 Pa.C.S.A. § 9545(b)(3) (judgment becomes final at the conclusion of direct review or at the expiration of time for seeking review); Pa.R.A.P.

---

[6] The thirtieth day fell on Saturday, October 3, 2015. Appellant thus had until Monday, October 5th to file a notice of appeal. ***See*** 1 Pa.C.S.A. § 1908 (when the last day of any period of time referred to in any statute falls on a Saturday, Sunday, or legal holiday, such day shall be omitted from the computation).

903(a) (appeal shall be filed within 30 days of entry of order). Appellant then had one year, until October 5, 2016, to file a PCRA petition. **See** 42 Pa.C.S.A. § 9545(b)(1); **Medina**, 92 A.3d at 1215. The instant petition, however, was filed approximately three months later, on January 6, 2017, and, as stated above, did not invoke any of the timeliness exceptions under 42 Pa.C.S.A. § 9545(b)(1). Although Appellant averred, in both his petition and PCRA hearing testimony, that he did not learn until December 15, 2016 that he could seek relief under the PCRA, the PCRA court properly reasoned that even if this testimony were to be believed, it did not establish any timeliness exception. **See** 42 Pa.C.S.A. § 9545(b)(1).

For the foregoing reasons, we agree with the PCRA court that Appellant's petition was untimely and therefore the PCRA court lacked jurisdiction to hear it. Accordingly, we affirm the order dismissing the PCRA petition and grant Counsel's petition to withdraw. **See Walters**, 135 A.3d at 591-92.

Order affirmed. Counsel's petition to withdraw granted.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 2/15/2018

- 7 -