J-S16016-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| EFRAIN RODRIGUEZ | : | |
| | : | |
| Appellant | : | No. 1141 MDA 2017 |

Appeal from the PCRA Order July 3, 2017
In the Court of Common Pleas of Lebanon County Criminal Division at No(s):
CP-38-CR-0001762-2013

BEFORE:   BOWES, J., MURRAY, J., and PLATT*, J.

MEMORANDUM BY MURRAY, J.:                           **FILED APRIL 04, 2018**

Efrain Rodriguez (Appellant) appeals *pro se* from the order denying his first Post Conviction Relief Act[1] ("PCRA") petition because it was untimely filed. We affirm.

On July 24, 2014, Appellant entered a negotiated guilty plea to one count each of aggravated indecent assault of a complainant less than 16 years old, aggravated indecent assault of a child, and endangering the welfare of a

_____

* Retired Senior Judge assigned to the Superior Court.

[1] 42 Pa.C.S.A. §§ 9541-9546.

child,[2] and two counts each of indecent assault and corruption of minors.[3] On November 19, 2014, the trial court sentenced Appellant to an aggregate term of 5 to 15 years' imprisonment. Appellant did not file a direct appeal.

On August 22, 2016, Appellant filed a *pro se* PCRA petition, asserting, without further explanation, that: (1) he pled to charges that did not exist at the time he committed the offenses; and (2) the facts upon which his claim was predicated were unknown to him and could not have been ascertained by due diligence. The Commonwealth filed a response, arguing that Appellant's petition was untimely filed. *See* 42 Pa.C.S.A. § 9545(b)(1).

The PCRA court appointed Greer H. Anderson, Esquire to represent Appellant. Attorney Anderson filed a *Turner*/*Finley*[4] petition to withdraw, explaining that on March 18 and April 11, 2016, Appellant requested from the trial court copies of the police discovery, the affidavit of probable cause, and victim statements. Counsel's petition clarified that Appellant's August 22, 2016, *pro se* PCRA claim was that after review of these documents, Appellant learned he was sentenced under criminal statutes that, while in effect at the time of his sentencing in 2014, were not in effect when the offenses were

---

[2] 18 Pa.C.S.A. §§ 3125(a)(8), (b), 4304(a)(1).

[3] 18 Pa.C.S.A. §§ 3126(a)(8), 6301(a)(1)(ii). The parties agreed to a minimum sentence of 5 years' imprisonment and agreed to have the trial court set the maximum sentence.

[4] *Commonwealth v. Turner*, 544 A.2d 927 (Pa. 1988); *Commonwealth v. Finley*, 550 A.2d 213 (Pa. Super. 1988) (*en banc*).

committed. Counsel further explained that Appellant intended to argue that his plea counsel was ineffective for not objecting to the trial court's failure to sentence him according to the earlier statutes. Counsel concluded, however, that Appellant's petition was untimely filed. Appellant filed a response to Attorney Anderson's petition to withdraw, reiterating that he was entitled to relief because he exercised reasonable due diligence to obtain the information which showed the trial court imposed an illegal sentence.

The PCRA court granted Attorney Anderson's petition to withdraw and issued Pa.R.Crim.P. 907 notice of intent to dismiss Appellant's PCRA petition without a hearing. Appellant filed a *pro se* response. On July 3, 2017, the court dismissed the petition, reasoning that the petition was filed beyond the PCRA's general one-year filing period and Appellant did not qualify for the "newly-discovered" exception because: (1) "all the information upon which [he] relie[d]" was provided to him prior to the entry of his guilty plea; (2) the information "was a matter of public record and [would have been] available to him through a timely search conducted within the one-year time period;"[5]

_____

[5] The PCRA court noted our Supreme Court's recent decision in **Commonwealth v. Burton**, 158 A.3d 618 (Pa. 2017), which held:

> [T]he presumption that information which is of public record cannot be deemed "unknown" for purposes of subsection 9545(b)(1)(ii) does not apply to *pro se* prisoner petitioners. . . .
>
> Accordingly, consistent with the statutory language, in determining whether a petitioner qualifies for the exception to the

and (3) Appellant provided no explanation why he was unable to conduct his investigation within the one-year filing period. PCRA Court Opinion at 8, *citing* 42 Pa.C.S.A. § 9545(b)(1)(ii).

Appellant took a timely *pro se* appeal and complied with the court's order to file a Pa.R.A.P. 1925(b) statement. He presents two issues for our review:

> (1) Did the PCRA Court err in dismissing Appellant's first PCRA petition as untimely pursuant to [42] PA.C.S.[A. §] 9545, when Appellant properly presented timeliness exceptions with PCRA counsel and with the lower court prior to counsel's withdrawal?
>
> (2) Did the PCRA Court err in denying Appellant an evidentiary hearing on the matter?

Appellant's Brief at 2. The argument section of Appellant's brief, however, is organized under two headings: "Timeliness of Petition" and "Illegal Sentence." *Id.* at 9, 14.

In his first issue, Appellant asserts that his PCRA petition was timely

---

PCRA's time requirements pursuant to subsection 9545(b)(1)(ii), the PCRA court must first determine whether "the facts upon which the claim is predicated were unknown to the petitioner." In some cases, this may require a hearing. After the PCRA court makes a determination as to the petitioner's knowledge, it should then proceed to consider whether, if the facts were unknown to the petitioner, **the facts could have been ascertained by the exercise of due diligence, including an assessment of the petitioner's access to public records**.

*See Burton*, 158 A.3d at 638 (emphasis added). The PCRA court held that *Burton* did not apply to Appellant in this case because the information upon which Appellant relied was provided to him prior to his guilty plea and would have been available to him after sentencing through a timely search.

- 4 -

under Section 9545(b)(1)(ii). He contends that in his response to Attorney Anderson's *Turner/Finley* petition, he set forth a detailed discussion of his "due diligence, including dates, times, and [the] specific course of research he personally engaged in" to obtain the new information, and that this discussion explained his delay in filing a PCRA petition. Appellant's Brief at 11, 14. Appellant further claims Attorney Anderson was ineffective for failing to include this information in his *Turner/Finley* petition. Appellant also refutes, without further explanation, the PCRA court's finding that the information he obtained would have been available to him through a timely search. Finally, Appellant maintains that he filed his petition within 60 days of learning of the new information. He requests an evidentiary hearing to determine whether he is entitled to relief under *Burton*.

"The standard of review for an order denying post-conviction relief is limited to whether the record supports the PCRA court's determination, and whether that decision is free of legal error." *Commonwealth v. Walters*, 135 A.3d 589, 591 (Pa. Super. 2016) (citation omitted).

> It is well-established that "the PCRA's timeliness requirements are jurisdictional in nature and must be strictly construed; courts may not address the merits of the issues raised in a petition if it is not timely filed." Generally, a PCRA petition must be filed within one year of the date the judgment of sentence becomes final unless the petitioner meets his burden to plead and prove one of the exceptions enumerated in 42 Pa.C.S.A. § 9545(b)(1)(i)–(iii), which include . . . the discovery of **previously unknown facts** or evidence that would have supported a claim . . . . 42 Pa.C.S.A. § 9545(b)(1)[(ii)]. [A] petition invoking any of the exceptions must be filed within 60 days of the date the claim first could have been presented. ... 42 Pa.C.S.A. § 9545(b)(2)[.]

*Id.* at 591-92 (some citations omitted) (emphasis added). "The PCRA court has the discretion to dismiss a petition without a hearing when the court is satisfied 'that there are no genuine issues concerning any material fact, the defendant is not entitled to post-conviction collateral relief, and no legitimate purpose would be served by further proceedings.'" *Commonwealth v. Roney*, 79 A.3d 595, 604 (Pa. 2013).

Appellant was sentenced on November 19, 2014, and he did not file a direct appeal. Thus, his judgment of sentence became final on the day his time for taking an appeal concluded, December 19, 2014. *See* 42 Pa.C.S.A. § 9545(b)(3) (judgment becomes final at conclusion of direct review or at expiration of time for seeking review); Pa.R.A.P. 903(a) (appeal shall be filed within 30 days of entry of order). Appellant had one year, until Monday, December 22, 2015, to file a PCRA petition. *See* 1 Pa.C.S.A. § 1908 (when last day of any period of time referred to in any statute falls on Saturday, Sunday, or legal holiday, such day shall be omitted from computation); 42 Pa.C.S.A. § 9545(b)(1). The instant petition was filed eight months later, on August 22, 2016.

Appellant does not dispute the PCRA court's observation that the information upon which his PCRA petition was based — his criminal information, the affidavit of probable cause, certain discovery, and the victim's statements — were provided to or available to him before he pled guilty. Accordingly, Appellant cannot — and he does not — explain which facts "were

unknown to" him, as required by the newly-discovered evidence exception at Subsection 9545(b)(1)(ii). We thus hold that the PCRA court properly dismissed Appellant's petition without a hearing for lack of jurisdiction. *See Roney*, 79 A.3d at 604; *Walters*, 135 A.3d at 591-92.

The second issue in Appellant's brief is whether his sentences are illegal. He "asserts that in order for him to have been originally charged under 18 Pa.C.S.[A. §] 3125(b) [(aggravated indecent assault of a child)], he must first have been charged under a qualifying offense defined in 18 Pa.C.S.[A. §] 3125(a) [(aggravated indecent assault defined)]." Appellant's Brief at 15. Appellant also claims that he was sentenced under a version of the corruption of minors statute that did not exist when he committed the underlying offenses and elevated the grading of the offense from a misdemeanor of the first degree to a felony of the third degree.

Because Appellant's PCRA petition was untimely filed, we do not reach this illegal sentence question. *See Commonwealth v. Fahy*, 737 A.2d 214, 223 (Pa. 1999) ("Although legality of sentence is always subject to review within the PCRA, claims must still first satisfy the PCRA's time limits or one of the exceptions thereto.").

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 4/4/2018