J-S14034-16

2016 PA Super 42

| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| JAMEL WALTERS, | |
| Appellant | No. 701 MDA 2015 |

Appeal from the PCRA Order March 9, 2015
In the Court of Common Pleas of Luzerne County
Criminal Division at No(s): CP-40-CR-0000796-2007; CP-40-CR-0000798-2007

BEFORE:  FORD ELLIOTT, P.J.E., PANELLA, J., and STEVENS, P.J.E.*

OPINION BY STEVENS, P.J.E.:                    **FILED FEBRUARY 19, 2016**

Appellant Jamel Walters appeals from the order of the Honorable Fred A. Pierantoni of the Court of Common Pleas of Luzerne County dismissing Appellant's second petition pursuant to the Post Conviction Relief Act ("PCRA")[1] as untimely filed.   PCRA appellate counsel has filed a petition to withdraw and a no-merit letter pursuant to **Commonwealth v. Turner**, 518 Pa. 491, 544 A.2d 927 (1988) and **Commonwealth v. Finley**, 550 A.2d 213 (Pa.Super. 1988) (*en banc*).  We grant counsel's petition to withdraw and affirm the order dismissing Appellant's PCRA petition.

On October 10, 2007, Appellant entered guilty pleas on two separate dockets to several counts of possession of a controlled substance with intent

---

[1] 42 Pa.C.S.A. §§ 9541-9546.

*Former Justice specially assigned to the Superior Court.

to deliver[2] and related crimes. On December 11, 2007, Appellant was sentenced accordingly on all charges. Appellant filed a post-sentence motion which the trial court subsequently denied. No appeal was filed.

On June 27, 2012, Appellant filed his first PCRA petition, raising allegations of judicial misconduct on the part of his sentencing judge, Mark Ciavarella, who was convicted of federal corruption charges in February 2011. The PCRA court dismissed Appellant's petition as untimely filed, finding that Appellant failed to plead and prove that one of the PCRA timeliness exceptions was applicable. After Appellant appealed, the Superior Court affirmed the trial court's order dismissing the petition on October 4, 2013, and the Pennsylvania Supreme Court denied Appellant's Petition for Allowance of Appeal on March 25, 2014.

On June 6, 2014, Appellant filed the instant *pro se* PCRA petition, reiterating his claim that his sentence should be vacated as a result of former Judge Ciavarella's misconduct. After the PCRA court subsequently appointed Hugh Taylor, Esq. to assist Appellant, Atty. Taylor filed a "no-merit" letter, asserting that Appellant's second petition was also untimely filed. After a hearing, the PCRA court dismissed Appellant's PCRA petition on March 9, 2015. Appellant filed a *pro se* notice of appeal directly with this

---

[2] 35 P.S. § 780-113(a)(30).

Court on April 7, 2015.  This Court forwarded Appellant's notice of appeal to the Court of Common Pleas.[3]

Upon review of the record, this Court noted that it appeared that Appellant was still represented by counsel as the trial court docket contained no indication that Atty. Taylor had been granted leave to withdraw.  As a result, this Court remanded for a determination of whether Atty. Taylor had abandoned Appellant and directed the trial court to take any further necessary action, including, but not limited to, the appointment of new counsel.  After a hearing, the trial court determined that Atty. Taylor had not abandoned Appellant and remained counsel of record.

However, it appears that the trial court subsequently allowed Atty. Taylor to resign and reassigned the case to Allyson Kacmarski, Esq., who filed a "no merit" brief and a petition to withdraw, notifying Appellant of his right to proceed *pro se* or retain new counsel.  Appellant did not respond to Atty. Kacmarski's filings.

___

[3] Pennsylvania Rule of Appellate Procedure 905(a)(4) provides:

> If a notice of appeal is mistakenly filed in an appellate court, or is otherwise filed in an incorrect office within the unified judicial system, the clerk shall immediately stamp it with the date of receipt and transmit it to the clerk of the court which entered the order appealed from, and upon payment of an additional filing fee the notice of appeal shall be deemed filed in the trial court on the date originally filed.

Pa.R.A.P. 905(a)(4).

When reviewing the denial of a PCRA petition, we are guided by the following standard:

> The standard of review for an order denying post-conviction relief is limited to whether the record supports the PCRA court's determination, and whether that decision is free of legal error. The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record.

**Commonwealth v. Allen**, 48 A.3d 1283, 1285 (Pa.Super. 2012) (citations omitted).

Before we proceed to review the merits of Appellant's PCRA petition, we must determine whether counsel has satisfied certain procedural requirements to withdraw her representation:

> Counsel petitioning to withdraw from PCRA representation must proceed ... under **Turner, supra** and **Finley, supra** and ... must review the case zealously. **Turner**/**Finley** counsel must then submit a "no-merit" letter to the trial court, or brief on appeal to this Court, detailing the nature and extent of counsel's diligent review of the case, listing the issues which petitioner wants to have reviewed, explaining why and how those issues lack merit, and requesting permission to withdraw.

> Counsel must also send to the petitioner: (1) a copy of the "no merit" letter/brief; (2) a copy of counsel's petition to withdraw; and (3) a statement advising petitioner of the right to proceed *pro se* or by new counsel.

> Where counsel submits a petition and no-merit letter that ... satisfy the technical demands of **Turner**/**Finley**, the court — trial court or this Court — must then conduct its own review of the merits of the case. If the court agrees with counsel that the claims are without merit, the court will permit counsel to withdraw and deny relief.

**Commonwealth v. Doty**, 48 A.3d 451, 454 (Pa.Super. 2012) (quoting

**Commonwealth v. Wrecks**, 931 A.2d 717, 721 (Pa.Super. 2007)).

- 4 -

After reviewing the record and counsel's petition to withdraw, we find that PCRA appellate counsel complied with the requirements of **Turner** and **Finley**, **supra**. In her "no-merit" letter, PCRA appellate counsel detailed the nature and extent of her review, listed the issue which Appellant raised in his *pro se* petition, and thoroughly explained why she believed Appellant's claim was frivolous and untimely filed. Moreover, PCRA appellate counsel indicated that after her own independent review of the record, she could not identify any meritorious issues that she could raise on Appellant's behalf to plead and prove that one of the PCRA timeliness exceptions applied. Counsel also attached proof that she sent Appellant her petition to withdraw along with her no-merit letter and instructed him he had the right to retain counsel or proceed *pro se*. As counsel complied with the **Turner-Finley** requirements to withdraw her representation, we must now determine whether the PCRA court correctly dismissed Appellant's PCRA petition as untimely filed.

It is well-established that "the PCRA's timeliness requirements are jurisdictional in nature and must be strictly construed; courts may not address the merits of the issues raised in a petition if it is not timely filed." **Commonwealth v. Leggett**, 16 A.3d 1144, 1145 (Pa.Super. 2011) (citations omitted). Generally, a PCRA petition must be filed within one year of the date the judgment of sentence becomes final unless the petitioner meets his burden to plead and prove one of the exceptions enumerated in 42 Pa.C.S.A. § 9545(b)(1)(i)-(iii), which include: (1) the petitioner's inability

to raise a claim as a result of governmental interference; (2) the discovery of previously unknown facts or evidence that would have supported a claim; or (3) a newly-recognized constitutional right. 42 Pa.C.S.A. § 9545(b)(1)(i)-(iii). However, the PCRA limits the reach of the exceptions by providing that a petition invoking any of the exceptions must be filed within 60 days of the date the claim first could have been presented. *Leggett*, 16 A.3d at 1146 (citing 42 Pa.C.S.A. § 9545(b)(2)).

In this case, the trial court sentenced Appellant on December 11, 2007, and denied Appellant's post-sentence motion on December 26, 2007. As Appellant did not file a direct appeal, his sentence became final on January 25, 2008. As Appellant filed his second PCRA petition on June 6, 2014, over six years after his sentence became final, his petition is facially untimely.

In his *pro se* PCRA petition, Appellant did not attempt to explain why his claims should not be dismissed as untimely filed. Appellant does not acknowledge the PCRA's timeliness requirements or discuss the applicability of any of the timeliness exceptions. Appellant does not explain how the unrelated misconduct of the sentencing judge affected the legality of his sentence. Even assuming *arguendo* that Appellant could somehow prove a connection between his case and former Judge Ciavarella's criminal conduct, he failed to file a PCRA petition invoking a timeliness exception within 60 days of the date the claim first could have been presented. Accordingly, we

conclude that the PCRA court correctly dismissed Appellant's PCRA petition as untimely filed.

Petition to withdraw granted. Order affirmed.
Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 2/19/2016