J-S16018-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| SHANICE AMANDA PORTER | : | |
| | : | No. 1645 MDA 2017 |
| Appellant | : | |

Appeal from the PCRA Order September 25, 2017
In the Court of Common Pleas of Cumberland County Criminal Division at
No(s):  CP-21-CR-0001036-2013

BEFORE:   BOWES, J., MURRAY, J., and PLATT*, J.

MEMORANDUM BY MURRAY, J.:                    **FILED MARCH 21, 2018**

Shanice Amanda Porter (Appellant) appeals from the order dismissing her Post Conviction Relief Act[1] ("PCRA") petition because she is no longer serving a sentence for the underlying crime.  We affirm.

Appellant is not a United States citizen.  On August 20, 2013, she pled guilty to forgery,[2] graded as a felony of the third degree, and the court immediately imposed a sentence of 4 to 14 months' imprisonment.  Appellant did not take a direct appeal.  Following one parole violation, her sentence

_____

* Retired Senior Judge assigned to the Superior Court.

[1] 42 Pa.C.S.A. §§ 9541-9546.

[2] 18 Pa.C.S.A. § 4101(a)(2).

expired on December 12, 2014.

On September 1, 2016, Appellant was detained by federal authorities because her forgery conviction triggered removal proceedings under Title 8 (Aliens and Nationality) of the United States Code.[3]  According to Appellant, she "lost her second federal appeal on June 26, 2017," and "[d]eportation has already been ordered and she is in imminent danger [of deportation] at any moment."[4]  Appellant's Brief at 6.

On August 2, 2017, Appellant filed a *pro se* PCRA petition, averring that her plea counsel was ineffective for failing to sufficiently inform her of the probable deportation collateral consequences of her guilty plea, pursuant to **Padilla v. Kentucky**, 559 U.S. 356 (2010) (criminal defense counsel has affirmative duty to inform defendant that the offense to which he is pleading guilty will result in deportation).  Appellant averred that had counsel advised her that deportation was possible, she would not have agreed to plead guilty.  Also, Appellant requested that her sentence be reduced to a term shorter than one year, in order to avoid deportation and the consequent separation from her family.  The PCRA court appointed present counsel to represent Appellant.

The Commonwealth filed a motion to dismiss Appellant's petition,

_____

[3] **See** 8 U.S.C. §§ 1101(a)(43)(R) (defining "aggravated felony" as "an offense relating to . . . forgery . . . for which the term of imprisonment is at least one year"), 1227(a)(2)(A)(iii) ("Any alien who is convicted of an aggravated felony at any time after admission is deportable.").

[4] Appellant explains that she was released on bond on December 1, 2017. Appellant's Brief at 6.

arguing that because her sentence had expired, she failed to establish eligibility for PCRA relief under Subsection § 9543(a)(1)(i) (petitioner must prove he "is at the time relief is granted . . . currently serving a sentence of imprisonment, probation or parole for the crime"). The Commonwealth further claimed that Appellant's attempt to use PCRA proceedings to seek immigration relief from federal authorities was improper.

On September 7, 2017, the PCRA court issued Pa.R.Crim.P. 907 notice of intent to dismiss Appellant's petition without a hearing, agreeing with the Commonwealth that Appellant was no longer serving a sentence as required by Subsection 9543(a)(1)(i). Appellant's counsel then filed an amended PCRA petition, averring that, notwithstanding the Commonwealth's Subsection 9543(a)(1)(**i**) argument, Appellant was eligible for PCRA relief under Subsection 9543(a)(1)(**ii**) (petitioner must prove he is "awaiting execution of a sentence of death for the crime"). The amended petition further claimed, in the alternative, that the use of the phrase "no longer incarcerated," rather than "sentence of imprisonment," in **Commonwealth v. Descardes**, 136 A.3d 493 (Pa. 2016), provided Appellant relief.[5]

_____

[5] The petition did not provide any further discussion of the **Descardes** decision nor explanation why the phrase "no longer incarcerated" supports her claim. We note that in **Descardes** the defendant, a resident alien, had completed his sentence for a felony (insurance fraud) when he was denied reentry to the United States by immigration officials because of his felony conviction. **Descardes**, 136 A.3d at 494. Following the United States Supreme Court's decision in **Padilla**, the defendant filed a petition for writ of error *coram nobis*.

The court heard argument on September 21, 2017. Appellant reiterated that she should was eligible for PCRA relief under Subsection 9543(a)(1)(ii). She asserted that because a defendant awaiting execution is not technically serving the sentence, N.T., 9/21/17, at 4 ("[T]he sentence is the execution. You are just being detained prior."), she could be viewed analogously as "awaiting the deportation." *Id.* The court responded that Section 9543 was clear in defining PCRA eligibility, and Subsection (a)(1)(ii) provided relief only when a petitioner was awaiting execution of a death sentence. *Id.* at 8. Four days later, on September 25, 2017, the PCRA court dismissed Appellant's petition. *See* 42 Pa.C.S.A. §9543(a)(1)(i).

Appellant took this timely appeal and complied with the PCRA court's Pa.R.A.P. 1925(b) order to file a statement of errors complained of on appeal. She presents two issues for our review:

> I. Whether the PCRA Court has jurisdiction to hear the PCRA Petition.
>
> II. Whether Plea Counsel was ineffective.

---

*Id.* The PCRA court treated the petition as a timely-filed PCRA petition. *Id.* at 495. On appeal, our Supreme Court held that the petition was properly treated as a PCRA petition, but, citing 42 Pa.C.S.A. § 9543(a)(1)(i), held that the petitioner "should have been dismissed because, as [the defendant] was **no longer incarcerated** at the time it was filed, he was ineligible for PCRA relief, and thus, . . . the PCRA court . . . lacked jurisdiction to entertain the petition." *Id.* at 497, 503 (emphasis added). Contrary to Appellant's argument, however, the Court provided no indication that its use of the phrase "no longer incarcerated" signified any particular interpretation of Section 9543(a)(1)(i)'s requirement that a petitioner be "currently serving a sentence of imprisonment." *See id.*

Appellant's Brief at 4.

Preliminarily, we note that Appellant did not address the PCRA's one-year filing requirement. *See* 42 Pa.C.S.A. § 9545(b)(1) (generally, any petition under the PCRA shall be filed within one year of the date the judgment becomes final). Appellant's judgment of sentence became final on September 19, 2013, when the 30-day period for taking an appeal concluded. *See* Pa.R.A.P. 903(a) (appeal shall be filed within 30 days of entry of order). She then had one year, until September 19, 2014, to file a PCRA petition. *See* 42 Pa.C.S.A. § 9545(b)(1). Appellant's *pro se* petition was filed nearly three years later, on August 2, 2017, and neither the *pro se* petition nor counseled amended petition invoked any of the timeliness exceptions at Section 9545(b)(1)(i) through (iii). Accordingly, even if Appellant were to establish eligibility for PCRA relief at Section 9543(a), she failed to establish that the PCRA court would have had jurisdiction under Section 9545(b). *See Walters*, 135 A.3d at 591 ("[T]he PCRA's timeliness requirements are jurisdictional in nature and must be strictly construed; courts may not address the merits of the issues raised in a petition if it is not timely filed.").

The above notwithstanding, we recognize the language set forth Section 9543(a)(1)(i) and (ii) in full:

> **(a) General rule.**—To be eligible for relief under this subchapter, the petitioner must plead and prove by a preponderance of the evidence all of the following:
>
> > (1) That the petitioner has been convicted of a crime under the laws of this Commonwealth and is at the time relief is

granted:

>    (i) currently serving a sentence of imprisonment, probation or parole for the crime; [or]
>
>    (ii) awaiting execution of a sentence of death for the crime[.]

*See* 42 Pa.C.S.A. § 9543(a)(1)(i)-(ii).

Appellant maintains that where the Commonwealth argued she failed to establish PCRA eligibility under subsection (a)(1)(**i**), this "case is more analogous" to subsection (a)(1)(**ii**). Appellant's Brief at 8. Appellant reasons that "in this particular immigration case, you could view [her] circumstances in a similar manner, as execution, and say that she is awaiting the deportation and she is incarcerated as a result of the state (not federal) sentence that exceeds the one year tail." *Id.* at 9-10. Alternatively, Appellant again asserts she is entitled to relief under *Descardes*, which "used the language, 'no longer incarcerated' rather than, 'sentence of imprisonment.'" *Id.* at 9.

"The standard of review for an order denying post-conviction relief is limited to whether the record supports the PCRA court's determination, and whether that decision is free of legal error." *Commonwealth v. Walters*, 135 A.3d 589, 591 (Pa. Super. 2016) (citation omitted). With respect to interpreting statutes, our Supreme Court has stated:

>    The object of all statutory interpretation is to ascertain and effectuate the intention of the General Assembly. 1 Pa.C.S.[A.] § 1921(a). When the words of a statute are clear and unambiguous, we must give effect to those words. 1 Pa.C.S.[A.] § 1921(b).

*Commonwealth v. Williams*, 84 A.3d 680, 687 (Pa. 2014).

- 6 -

Appellant has provided no authority to support her claim that the term "execution" in Subsection 9543(a)(1)(ii) may include deportation. We agree with the PCRA court that the subsection clearly provides that a PCRA petitioner must prove he is "awaiting execution of a sentence of death for the crime," and that Appellant does not meet this requirement. *See* 42 Pa.C.S.A. § 9543(a)(1)(ii). Appellant's interpretation would violate our Statutory Construction Act's mandate to give effect to clear and unambiguous words of a statute. *See* 1 Pa.C.S.A. § 1921(a)-(b); *Williams*, 84 A.3d at 687.

As to Appellant's second issue, in which she avers she is entitled to relief pursuant to *Padilla* because her plea counsel was ineffective for failing to sufficiently inform her of the probable collateral immigration consequences of her guilty plea, we do not reach the merits of the claim because Appellant's PCRA petition was untimely filed, and even had it been timely, the PCRA court lacked jurisdiction under Section 9543(a).

Order affirmed. Jurisdiction relinquished.

Judge Bowes joins the memorandum.

Judge Platt will concur in the result.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 03/21/2018

- 7 -