J-S24039-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA  :   IN THE SUPERIOR COURT OF
                                  :            PENNSYLVANIA
                                  :
            v.                      :
                                    :
                                    :
BRYANT HUDGINS               :
                                    :
            Appellant         :     No. 1229 EDA 2018

Appeal from the PCRA Order March 23, 2018
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0908541-1999

BEFORE:   LAZARUS, J., McLAUGHLIN, J., and STEVENS*, P.J.E.

MEMORANDUM BY STEVENS, P.J.E.:           **FILED MAY 06, 2019**

Appellant, Bryant Hudgins, appeals *pro se* from the March 23, 2018, order entered in the Court of Common Pleas of Philadelphia County dismissing as untimely his serial petition filed under the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. § 9541-9546. After a careful review, we affirm.

The relevant facts and procedural history are as follows: Appellant was arrested on September 6, 1999, in connection with the shooting of Jamil Gateward and Tony Butler. Gateward survived the shooting, however, Butler died from his wounds. Represented by counsel, Appellant proceeded to a jury trial, and on September 8, 2000, a jury convicted Appellant of first-degree murder, attempted murder, and other offenses related to the shooting. On November 22, 2000, the trial court imposed a sentence of life in prison without the possibility of parole for first-degree murder, and a consecutive sentence

_____

* Former Justice specially assigned to the Superior Court.

of six years to twelve years in prison for attempted murder. Sentences for the remaining convictions either merged or were ordered to run concurrently.

Appellant timely appealed from his judgment of sentence and counsel argued: (1) Appellant's constitutional rights were violated by the admission of hearsay testimony and "bad character" evidence; (2) a jury instruction should have been given concerning the potential bias of a Commonwealth witness; and (3) trial counsel was ineffective for failing to preserve these issues. On April 16, 2002, we affirmed the judgment of sentence. *Commonwealth v. Hudgins*, 738 EDA 2001 (Pa.Super. 4/16/02) (unpublished memorandum). Appellant filed a petition for allowance of appeal, which our Supreme Court denied on October 16, 2002. *See Commonwealth v. Hudgins*, 570 Pa. 695, 809 A.2d 902 (2002) (order).

On or about August 5, 2003, Appellant filed his first *pro se* PCRA petition, and following the appointment of counsel, who filed an amended PCRA petition, the PCRA court denied the petition without an evidentiary hearing. Appellant appealed to this Court contending the PCRA court erred in failing to hold an evidentiary hearing to determine whether trial counsel was ineffective for failing to call character witness, as well as being unprepared for trial. We affirmed, and Appellant did not file a petition for allowance of appeal with our Supreme Court. *Commonwealth v. Hudgins*, 1635 EDA 2004 (Pa.Super. filed 3/10/05) (unpublished memorandum).

On or about September 11, 2007, Appellant filed his second *pro se* PCRA petition. Following the appointment of counsel and an evidentiary hearing, Appellant filed proposed findings and conclusions of law. On June 16, 2011, the Commonwealth filed a reply to Appellant's proposed findings and conclusions of law. On September 9, 2011, the PCRA court denied the petition, and Appellant appealed to this Court.

Appellant argued the PCRA court erred in failing to conclude Appellant met the newly-discovered facts timeliness exception to the PCRA. Specifically, Appellant averred a previously unknown fact based upon his discovery of a witness, Antoine Tucker, who provided an affidavit and testified at the PCRA hearing that it was not Appellant who shot Butler and Gateward, but rather an individual known as "Iban" or "Tyrone." Noting the PCRA court did not find Tucker credible, we held the PCRA court properly determined Appellant did not meet the timeliness exception, and thus, we affirmed. ***Commonwealth v. Hudgins***, 2660 EDA 2011 (Pa.Super. filed 11/5/12) (unpublished memorandum). Appellant filed a petition for allowance of appeal, which our Supreme Court denied. ***Commonwealth v. Hudgins***, 619 Pa. 700, 63 A.3d 1244 (2013) (order).

On or about December 23, 2013, Appellant filed his third *pro se* PCRA petition, and the PCRA court dismissed the petition as untimely.[1]  On appeal, Appellant averred that, in light of **Miller v. Alabama**, 132 S.Ct. 2455 (2012), he was entitled to the PCRA's "new constitutional right" timeliness exception under 42 Pa.C.S.A. § 9545(b)(1)(iii).  Concluding Appellant, who was eighteen years old at the time of his offenses, did not meet the exception, we affirmed. **Commonwealth v. Hudgins**, 2676 EDA 2014 (Pa.Super. filed 8/5/15) (unpublished memorandum).   Appellant did not file a petition for allowance of appeal with our Supreme Court.

On or about May 11, 2016, Appellant filed his fourth *pro se* PCRA petition, and on July 11, 2016, the PCRA court dismissed the petition. Appellant filed an appeal, and after he failed to file a brief, we dismissed his appeal on July 20, 2017.

On or about September 29, 2017, Appellant filed the instant *pro se* PCRA petition, and the PCRA court provided Appellant with notice of its intent to dismiss the petition.  Appellant filed a response, and on March 23, 2018, the PCRA court dismissed Appellant's petition on the basis it was untimely filed. This timely *pro se* appeal followed.

---

[1] Appellant indicated he was seeking *habeas corpus* relief; however, the PCRA court concluded Appellant's claims fell under the auspices of the PCRA.  Thus, the PCRA court treated the petition as Appellant's third PCRA petition.

On appeal, Appellant contends the PCRA court erred in dismissing his instant PCRA petition on the basis it was untimely filed. Specifically, he avers that he met the governmental interference and newly-recognized facts exceptions to the PCRA's time bar as set forth in 42 Pa.C.S.A. § 9545(b)(1)(i) and (ii).

Preliminarily, we conclude Appellant's instant PCRA petition is facially untimely.[2] In this regard, we note the PCRA provides that a PCRA petition, including a second or subsequent petition, shall be filed within one year of the date the underlying judgment becomes final. 42 Pa.C.S.A. § 9545(b)(1). A judgment is deemed final "at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of the time for seeking review." 42 Pa.C.S.A. § 9545(b)(3).

In the case *sub judice*, as this Court has previously held, Appellant's judgment of sentence became final on January 14, 2003, ninety days after the Pennsylvania Supreme Court denied his petition for allowance of appeal. ***Commonwealth v. Hudgins***, 2676 EDA 2014, at 5 n.4. "[Thus,] Appellant had until January 14, 2004, to file his PCRA petition." ***Id.*** (citation omitted).

---

[2] "Our standard of review of the denial of PCRA relief is clear; we are limited to determining whether the PCRA court's findings are supported by the record and without legal error." ***Commonwealth v. Wojtaszek***, 951 A.2d 1169, 1170 (Pa.Super. 2008) (quotation and quotation marks omitted).

Accordingly, Appellant's instant PCRA petition, which was filed on or about September 29, 2017, is facially untimely.

However, this does not end our inquiry as Appellant asserts he is entitled to two of the PCRA's timeliness exceptions. The three statutory exceptions to the timeliness provisions in the PCRA allow for very limited circumstances under which the late filing of a petition will be excused. 42 Pa.C.S.A. § 9545(b)(1). To invoke an exception, a petition must allege and the petitioner must prove:

> (i)    the failure to raise a claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or the law of this Commonwealth or the Constitution or law of the United States;
>
> (ii)   the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or
>
> (iii)  the right asserted is a constitutional right that was recognized by the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S.A. § 9545(b)(1)(i)-(iii).

"We emphasize that it is the petitioner who bears the burden to allege and prove that one of the timeliness exceptions applies." *Commonwealth v. Marshall*, 596 Pa. 587, 947 A.2d 714, 719 (2008) (citation omitted). Moreover, "the PCRA limits the reach of the exceptions by providing that a petition invoking any of the exceptions must be filed within 60 days of the

date the claim first could have been presented."[3] ***Commonwealth v. Walters***, 135 A.3d 589, 592 (Pa.Super. 2016) (citations omitted). ***See*** 42 Pa.C.S.A. § 9545(b)(2).

Here, Appellant attempts to invoke the timeliness exceptions provided for in Subsections 9545(b)(1)(i) and (ii). Specifically, Appellant contends that, with regard to the litigation of his newly-discovered facts exception, which he raised in his September 11, 2007, second PCRA petition, the Commonwealth's "misrepresentation of the laws and facts of the case to the PCRA court" constituted governmental interference under Subsection 9545(b)(1)(i). ***See*** Appellant's Brief at 7-8. He further argues the PCRA court's reliance upon portions of the Commonwealth's reply in dismissing Appellant's second PCRA petition violated the doctrine of separation of powers, and since he recently learned this constituted a violation, he is entitled to the newly-discovered facts exception under Subsection 9545(b)(1)(ii). ***See*** Appellant's Brief at 10-14.

As indicated *supra*, petitions invoking any of the exceptions must be filed within 60 days of the date the claim first could have been presented.

---

[3] On October 24, 2018, the General Assembly amended Section 9545(b)(2) in order to extend the time for filing a petition from 60 days to one year from the date the claim could have been presented. See 2018 Pa.Legis.Serv.Act 2018-146 (S.B. 915), effective December 24, 2018. However, this amendment applies only to claims arising one year before the effective date of this section, *i.e.*, December 24, 2017, or thereafter. Appellant's instant *pro se* PCRA petition was filed on or about September 29, 2017. Thus, the amendment is inapplicable to Appellant's claim.

*Walters*, *supra*. Here, inasmuch as the Commonwealth's reply and PCRA court's opinion at issue were filed in 2011, Appellant has not explained why he could not have presented his claims sooner. Simply put, he has not met his burden of pleading and proving that his instant petition invoked the exceptions within "60 days of the date the claim first could have been presented." *Walters*, 135 A.3d at 592.

In any event, as the Commonwealth notes on appeal, Appellant's argument is a thinly veiled attempt to relitigate his prior newly-discovered facts timeliness exception claim. This claim was presented in Appellant's second PCRA petition, dismissed by the PCRA court, and affirmed by this Court on collateral appeal. *See* 42 Pa.C.S.A. § 9543(a)(3) (holding a PCRA petitioner must plead and prove that allegation of error has not been previously litigated; an issue has been previously litigated if it was raised and decided in a prior proceeding attacking the conviction or sentence).

Accordingly, the PCRA court properly concluded Appellant's instant PCRA petition was untimely, and Appellant did not meet his burden of proving any of the timeliness exceptions to the PCRA. Consequently, we affirm.

Affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 5/6/19