J-S05007-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
                                                   :             PENNSYLVANIA
                                                   :

                v.                                         :
                                                   :
                                                 :

WILLIE DANIEL JOHNSON, III           :
                                                   :
          Appellant                    :     No. 799 WDA 2018

Appeal from the PCRA Order January 8, 2016
In the Court of Common Pleas of Mercer County
Criminal Division at No(s):  CP-43-CR-0001031-2013

BEFORE:   PANELLA, P.J., NICHOLS, J., and STRASSBURGER[*], J.

MEMORANDUM BY PANELLA, P.J.:           **FILED AUGUST 14, 2019**

Willie Daniel Johnson, III, appeals from the order entered in the Mercer County Court of Common Pleas, denying his petition pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. § 9541-9546. Appellant contends the PCRA court erred in concluding his claim of ineffective assistance of trial counsel was meritless. We affirm.

On September 9, 2013, Appellant was charged with aggravated assault, assault by prisoner, simple assault and harassment. These charges arose following an attack on Appellant's cellmate, Rashod M. Brown, at State Correctional Institution – Mercer ("SCI-Mercer").

Appellant proceeded to a jury trial in July of 2014. At trial, the Commonwealth first presented the testimony of the security captain of SCI-

---

[*] Retired Senior Judge assigned to the Superior Court.

Mercer, Christopher Meure. Meure provided the jury with an overview of the layout of C-block, the minimum security housing unit where Appellant and Brown were housed. *See* N.T., 6/18/14 and 6/19/14, at 22-28. C-Block is housed within a two-floor building and each floor in the unit consists of 13-16 prison cells, showers, and a day room. *See id*., at 22-23. Further, while the inmates on C-block each have keys to their own cells and are free to wander about the unit, they are generally not permitted to leave C-block without prior permission. *See id*., at 23, 27-28.

The Commonwealth's next witness, Brown, testified that on June 9, 2013, he was sleeping in his prison cell located on the upper floor of C-block. At approximately eight in the morning he woke to Appellant, his cellmate, dousing him with a pitcher of hot water. *See id*., at 50, 61. When Brown pulled a cover over his head to protect himself, Appellant struck him in the chest and stomach with a closed fist. *See id*., at 51-52. After Appellant ceased his attack, Brown ran to the prison infirmary. *See id*., at 54.

Vista Johnson, a registered nurse at SCI-Mercer, was working in the prison infirmary on the morning of June 9, 2013. At approximately 8:30, Brown came into the infirmary with second-degree burns on his face, neck and shoulder. *See id*., at 96, 98. Though initially reluctant to provide any information, Brown eventually told the nursing staff that his "cellie [threw] water on [him]." *Id*., at 95.

Finally, Appellant testified on his own behalf. Appellant claimed that on the morning of the attack, he left his cell to go to breakfast between 7:30 and

7:40 a.m. *See id*., at 127. After spending approximately 4 – 5 minutes at breakfast, Appellant returned to C-block where he proceeded to the upstairs day room. *See id*., at 128-129. Appellant claimed he spent approximately an hour in the dayroom and only went back to his cell at 8:30-8:40 when the unit was locked down following the attack on Brown. *See id*., at 131. Therefore, Appellant argued he could not have been responsible for the attack on Brown. *See id*., at 136.

Following closing arguments, the jury convicted Appellant of all four charged offenses. On August 14, 2014, the trial court sentenced Appellant to an aggregate sentence of 6 to 12 years' imprisonment. Appellant filed a direct appeal, but discontinued it prior to disposition.

On November 4, 2014, Appellant filed a timely *pro se* PCRA petition alleging ineffectiveness of trial counsel. Specifically, Appellant claimed trial counsel was ineffective for failing to request an alibi jury instruction and for failing to object to the trial court's failure to include the alibi instruction in its charge to the jury.[1] *See* PCRA Petition, 11/4/14. Counsel was appointed, and trial court held an evidentiary hearing on these issues on December 18, 2015.

Appellant's trial counsel, Lowell T Williams, Esq., testified at the evidentiary hearing. Attorney Williams confirmed he did not present any alibi witnesses on Appellant's behalf. *See* N.T., PCRA Hearing, 12/18/15, at 4.

_____

[1] Appellant also claimed trial counsel was ineffective for failing to investigate his claimed alibi witnesses prior to trial. *See* PCRA Petition, 11/4/14. However, Appellant appears to have abandoned this claim on appeal.

Further, Attorney Williams testified that he did not recall making any request that the trial court include the alibi jury instruction in its charge to the jury. *See id*., at 13.

Following the hearing, the PCRA court denied Appellant's petition, determining that Appellant had failed to demonstrate any prejudice from Attorney Williams' purported failures. This appeal follows the *nunc pro tunc* reinstatement of Appellant's appellate rights as to the denial of PCRA relief.

"The standard of review for an order denying post-conviction relief is limited to whether the record supports the PCRA court's determination, and whether that decision is free of legal error. The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record." *Commonwealth v. Walters*, 135 A.3d 589, 591 (Pa. Super. 2016) (citation omitted).

On appeal, Johnson contends the PCRA court erred in failing to find Attorney Williams ineffective for failing to request an alibi jury instruction. *See* Appellant's Brief, at 6. "It is well-established that counsel is presumed effective, and a PCRA petitioner bears the burden of proving ineffectiveness." *Commonwealth v. Reyes-Rodriguez*, 111 A.3d 775, 779-780 (Pa. Super. 2015) (brackets and citations omitted). To obtain relief on an ineffectiveness claim, a petitioner must plead and prove by a preponderance of the evidence, "[i]neffective assistance of counsel which, in the circumstances of the particular case, so undermined the truth-determining process that no reliable

- 4 -

adjudication of guilt or innocence could have taken place." 42 Pa.C.S.A. § 9543(a)(2)(ii).

To prove ineffectiveness, a petitioner must establish: his underlying claim has arguable merit, no reasonable basis existed for counsel's action or failure to act, and he suffered prejudice as a result of counsel's error. **See Commonwealth v. VanDivner**, 178 A.3d 108, 114 (Pa. 2018). A failure to plead or prove any prong will defeat an ineffectiveness claim. **See Commonwealth v. Grove,** 170 A.3d 1127, 1138 (Pa. Super. 2017).

"A claim has arguable merit where the factual averments, if accurate, could establish cause for relief." **Commonwealth v. Stewart**, 84 A.3d 701, 707 (Pa. Super. 2013) (*en banc*) (citation omitted). "Whether the facts rise to the level of arguable merit is a legal determination." **Id**. (citation and internal quotation marks omitted). Further, "[c]ounsel will not be deemed ineffective for failing to raise a meritless claim." **Commonwealth v. Spotz**, 896 A.2d 1191, 1210 (Pa. 2006) (citation omitted). In order to determine whether Appellant's claim is of arguable merit, we must consider whether an alibi instruction was warranted.

"An alibi is a defense that places a defendant at the relevant time at a different place than the crime scene and sufficiently removed from that location such that it was impossible for him to be the perpetrator." **Commonwealth v. Sileo**, 32 A.3d 753, 767 (Pa. Super. 2011) (citation omitted). "Where [alibi] evidence has been introduced, a defendant is entitled to an alibi instruction to alleviate the danger that the jurors might

impermissibly view a failure to prove the defense as a sign of the defendant's guilt." ***Commonwealth v. Bryant***, 855 A.2d 726, 741 (Pa. 2004) (citation omitted).

However, we note that this instruction "is required only in cases where a defendant's explanation places him at the relevant time at a different place than the scene involved and so far removed therefrom as to render it impossible for him to be the guilty party." ***Commonwealth v. Collins***, 702 A.2d 540, 545 (Pa. 1997) (citation omitted). Therefore, no alibi instruction is required "[w]here a defendant's own testimony places him close enough to the scene that it would not have been impossible for him to have committed" the crime. ***Id***. (citations omitted).

Here, Appellant points to his testimony that he was not in his prison cell at the time of Brown's attack as definitive proof that he presented an alibi defense at trial and was therefore entitled to the alibi instruction. However, by his own testimony, Appellant was on the same floor of C-Block as Brown when he was attacked. ***See*** N.T., Jury Trial, 6/18/14 and 6/19/14, at 128-129, 131. As each floor of C-Block consists of only a day room, showers, and 13-16 prison cells, we do not find that Appellant has presented evidence that he was sufficiently removed from his prison cell at the relevant time to make it impossible for him to have committed the attack on Brown. No alibi instruction was required. As counsel cannot be faulted for failing to raise a meritless claim, Appellant's sole ineffectiveness claim on appeal fails.

Order affirmed.[2]

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/14/2019

---

[2] We recognize that the trial court dismissed Appellant's petition on a different basis. However, "[i]t is well-settled that this Court may affirm on any basis." **Commonwealth v. Clouser**, 998 A.2d 656, 661 n.3 (Pa. Super. 2010).