J-S24041-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT OP 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| LANDON WILEY THOMAS | : | |
| | : | |
| Appellant | : | No. 353 MDA 2023 |

Appeal from the PCRA Order Entered February 9, 2023
In the Court of Common Pleas of Dauphin County Criminal Division at
No(s): CP-22-CR-0000135-2014

BEFORE:   BENDER, P.J.E., LAZARUS, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY STEVENS, P.J.E.:        **FILED: AUGUST 7, 2023**

Appellant Landon Wiley Thomas files this *pro se* appeal from the order of the Court of Common Pleas of Dauphin County dismissing his fourth petition pursuant to the Post-Conviction Relief Act (PCRA).[1] We affirm.

The factual background of this case was summarized in this Court's decision denying Appellant's third PCRA petition:

> The Commonwealth charged [Appellant] with 13 counts of Robbery arising out of a spree of hold-ups of gas stations, convenience stores and banks during which [Appellant] used his pointed finger or a piece of plastic under his sweatshirt to simulate a weapon. [The Commonwealth withdrew Counts 12 and 13 (Robbery—Threat Immediate Serious Injury, (18 Pa.C.S. § 3701 A1(ii)).]
>
> On May 11, 2015, [Appellant] entered a negotiated guilty plea to 9 counts of Robbery—Threat of Immediate Serious Injury, 18 Pa.C.S. 3701(a)(1)(ii), a felony of the first degree and 2 counts of

_____

[*] Former Justice specially assigned to the Superior Court.
[1] 42 Pa.C.S.A. §§ 9541-9546.

Robbery—Taking Property From Another by Force, 18 Pa.C.S. § 3701(a)(1)(v), a felony of the third degree. The Court sentenced [Appellant pursuant to the negotiated plea agreement to an aggregate sentence of $12^{1}/_{2}$ to 25 years' imprisonment, with a consecutive 5–year term of probation.]

* * * *

[Appellant] filed no post sentence motion or appeal.

On August 26, 2015, [Appellant] filed a *pro se* Motion for Post Conviction Collateral Relief in which he asserted that the Court imposed a constitutionally infirm sentence, citing, ***Alleyne v. United States***,133 S.Ct. 2151 (2013) and ***Commonwealth v. Hopkins***, 117 A.3d 247 (2015). [Appellant] further alleged that the Court imposed an impermissible sentence under 42 Pa.C.S. § 9714, Sentence for Second and Subsequent Offenses. On September 14, 2015, prior to the appointment of PCRA counsel, [Appellant] filed a *pro se* Amendment to the PCRA Motion.

On October 22, 2015, the Court appointed Jennifer Tobias, Esq., as PCRA Counsel. Appointed Counsel filed a Motion to Withdraw on November 20, 2015. On March 25, 2016, [Appellant] filed Defendant's Addendum to Counsel's No Merit Letter.

On March 30, 2016, the Court ordered the Commonwealth to file a Response and Memorandum in Support Thereof to [Appellant's] claims as to the asserted applicability of ***Alleyne v. United States***,133 S.Ct. 2151 (2013) and ***Commonwealth v. Hopkins***, 117 A.3d 247 (2015).

Thereafter, [Appellant] filed a series of *pro se* pleadings each of which opposed Appointed Counsel's Motion to Withdraw and sought to raise new claims.

* * * *

On December 23, 2016, [the] Court ordered that [Appellant] shall file no further pleadings pending disposition of the filings of record.

***Commonwealth v. Thomas***, 624 MDA 2021 (Pa.Super. October 29, 2021)

(unpublished memorandum) (quoting PCRA court opinion, 6/15/17, at 1-5).

On June 15, 2015, the PCRA court issued notice of its intent to dismiss Appellant's first PCRA petition without a hearing pursuant to Pa.R.Crim.P. 907. On July 13, 2017, the PCRA dismissed the petition. On May 2, 2018, this Court affirmed the dismissal of Appellant's petition and on January 2, 2019, our Supreme Court denied Appellant's petition for allowance of appeal.

On July 28, 2020, Appellant filed a second PCRA petition, which the PCRA court dismissed on October 30, 2020. Appellant did not appeal this dismissal.[2] On January 13, 2021, Appellant filed his third PCRA petition. The PCRA court issued a Rule 907 notice on April 19, 2021 and dismissed the petition on May 12, 2021. Thereafter, on October 29, 2021, this Court affirmed the dismissal of Appellant's third PCRA petition as untimely filed.

On December 23, 2022, Appellant filed his fourth PCRA petition which is the subject of this appeal. On January 23, 2023, the PCRA court issued an opinion and order providing Rule 907 notice, indicating that Appellant's petition was facially untimely and failed to state an exception to the PCRA's timeliness requirements. The PCRA court also noted that all of Appellant's claims were waived and fully litigated.

On February 6, 2023, Appellant filed objections to the PCRA court's Rule 907 notice. On February 9, 2023, the PCRA court issued final notice of the dismissal of the instant petition. This timely appeal followed. Appellant

---

[2] Appellant also filed petitions for federal habeas corpus relief, which were ultimately denied.

complied with the PCRA court's direction to file a concise statement of matters complained of on appeal.

As an initial matter, we must determine whether the instant petition was timely filed. We acknowledge that "the PCRA's timeliness requirements are jurisdictional in nature and must be strictly construed; courts may not address the merits of the issues raised in a petition if it is not timely filed." ***Commonwealth v. Walters***, 135 A.3d 589, 591 (Pa.Super. 2016) (citations omitted).

Generally, a PCRA petition "including a second or subsequent petition, shall be filed within one year of the date the judgment of sentence becomes final." 42 Pa.C.S.A. § 9545(b)(1). A judgment of sentence becomes final at the conclusion of direct review or the expiration of the time for seeking the review. 42 Pa.C.S.A. § 9545(b)(3).

However, Pennsylvania courts may consider an untimely PCRA petition if the petitioner explicitly pleads and proves one of the three exceptions enumerated in Section 9545(b)(1), which include: (1) the petitioner's inability to raise a claim as a result of governmental interference; (2) the discovery of previously unknown facts or evidence that would have supported a claim; or (3) a newly-recognized constitutional right that has been held to apply retroactively by the Supreme Court of the United States or the Supreme Court of Pennsylvania. 42 Pa.C.S.A. § 9545(b)(1)(i)-(iii).

In this case, Appellant was sentenced on May 11, 2015. As Appellant did not file a direct appeal, the judgment of sentence became final on June 10, 2015, after the expiration of the time period to file an appeal to this Court. *See* Pa.R.A.P. 903(a). Thus, Appellant had to file a PCRA petition by June 10, 2016. As Appellant did not file this petition until December 23, 2022, over seven years after his judgment of sentence became final, the instant petition is facially untimely.

In this petition (Appellant's fourth PCRA filing), Appellant claims PCRA counsel was ineffective in failing to argue that Appellant was forced to proceed with his plea counsel in violation of *Faretta v. California*, 422 U.S. 806 (1975) after Appellant unequivocally indicated at his February 5, 2015 plea hearing that he wished to represent himself.

Nevertheless, Appellant claims that his fourth petition should be deemed to be timely pursuant to *Commonwealth v. Bradley*, 261 A.3d 381 (Pa. 2021), in which our Supreme Court held that "a PCRA petitioner may, after a PCRA court denies relief, and after obtaining new counsel or acting *pro se*, raise claims of PCRA counsel's ineffectiveness at the first opportunity to do so, even if on appeal." *Id*. at 401.

However, this Court has also found that the *Bradley* decision does not provide an exception to the PCRA time bar, specifically noting that "[n]othing in *Bradley* creates a right to file a [serial] PCRA petition outside the PCRA's one-year time limit as a method of raising ineffectiveness of PCRA counsel or

permits recognition of such a right." ***Commonwealth v. Stahl***, 292 A.3d 1130, 1136 (Pa.Super. 2023).

As Appellant has not pled or proven that any of the statutory exceptions to the PCRA time bar applies to the claims raised in this petition, the PCRA court correctly determined that this petition was untimely. Therefore, we affirm the dismissal of Appellant's fourth PCRA petition.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/7/2023