J-S47014-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
                                       :            PENNSYLVANIA
                                        :
             v.                              :
                                        :
                                        :
DERRICK A RANKINE                  :
                                        :
           Appellant               :      No. 3200 EDA 2022

Appeal from the PCRA Order Entered November 14, 2022
In the Court of Common Pleas of Philadelphia County
Criminal Division at No: CP-51-CR-0406501-2000

BEFORE: STABILE, J., KUNSELMAN, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY STABILE, J.:                       **FILED MAY 7, 2024**

Appellant, Derrick A. Rankine, appeals *pro se* from the order of the Court of Common Pleas of Philadelphia County denying his fourth petition for collateral relief under the Post Conviction Relief Act, 42 Pa.C.S.A. §§ 9541-46. Upon review, we affirm.

The factual and procedural background are not at issue here. Briefly, on July 16, 2001, a jury convicted Appellant of rape, aggravated indecent assault, and sexual assault. On October 16, 2001, the trial court sentenced Appellant to an aggregate term of fifteen to thirty years' imprisonment for the charges associated with the assault. Appellant filed a timey notice of appeal. On September 18, 2022, this Court affirmed his sentence. **See** **Commonwealth v. Rankine**, No. 3103 EDA 2001, unpublished

---

[*] Former Justice specially assigned to the Superior Court.

memorandum (Pa. Super. filed September 18, 2002). Appellant did not file a petition for allowance of appeal in the Supreme Court.

Appellant filed the underlying PCRA petition, his fourth, on November 2, 2021.[1] On November 14, 2022, the PCRA court dismissed Appellant's petition as untimely.

On appeal, we likewise cannot review the instant PCRA petition if it does not meet the PCRA timeliness requirements.

> It is well-established that "the PCRA's timeliness requirements are jurisdictional in nature and must be strictly construed; courts may not address the merits of the issues raised in a petition if it is not timely filed." ***Commonwealth v. Walters***, 135 A.3d 589, 591 (Pa. Super. 2016) (citations omitted). Generally, a PCRA petition "including a second or subsequent petition, shall be filed within one year of the date the judgment of sentence becomes final." 42 Pa.C.S.A. § 9545(b)(1). A judgment of sentence becomes final at the conclusion of direct review or the expiration of the time for seeking the review. 42 Pa.C.S.A. § 9545(b)(3).
>
> However, Pennsylvania courts may consider an untimely PCRA petition if the petitioner explicitly pleads and proves one of the three exceptions enumerated in Section 9545(b)(1), which include: (1) the petitioner's inability to raise a claim as a result of governmental interference; (2) the discovery of previously unknown facts or evidence that would have supported a claim; or (3) a newly-recognized constitutional right that has been held to apply retroactively by the Supreme Court of the United States or the Supreme Court of Pennsylvania. 42 Pa.C.S.A. § 9545(b)(1)(i)-(iii).

---

[1] None of the three prior attempts at obtaining PCRA relief were successful.

*Commonwealth v. Murray*, 2024 WL 139580, unpublished memorandum at *1 (Pa. Super. 2024).[2]

Here, Appellant's judgment of sentence became final on October 18, 2002, after the time for filing a petition for allowance of appeal with the Supreme Court of Pennsylvania expired. Appellant filed the instant petition in 2022, approximately nineteen years later. As such, the underlying petition is untimely, and Appellant must invoke a timeliness exception to justify a merits review. A review of the underlying petition reveals that Appellant failed to do so.

With respect to the issues raised in the underlying petition, the PCRA court noted: "None of the claims of trial court error, Commonwealth misconduct, or trial counsel's ineffectiveness presented in the instant petition serves as an exception to the timeliness requirement." PCRA Court Opinion, 2/13/23, at 4; *see also* PCRA Court's notice pursuant to Pennsylvania Rule of Criminal Procedure 907, 10/17/22, at 1-2. Upon review, we agree with the PCRA court's analysis and conclusions.[3]

---

[2] Pursuant to Pennsylvania Rule of Appellate Procedure 126, unpublished, non-precedential memorandum decisions of the Superior Court filed after May 1, 2019, may be cited for their persuasive value. Pa.R.A.P. 126(b).

[3] Appellant also acknowledged that most of the issues raised in the instant PCRA petition were included in previous, unsuccessful PCRA petitions. *See* Appellant's Brief at 7, 28; *see also Commonwealth v. Rankine*, No. 555 EDA 2004, unpublished memorandum (Pa. Super. filed May 3, 2006) (first PCRA petition); *Commonwealth v. Rankine*, No. 129 EDA 2010,
*(Footnote Continued Next Page)*

In the last paragraph of the petition, Appellant asserts, without much explanation, that the instant matter is not subject to the PCRA timeliness rules because of the lower court's errors, citing **Commonwealth v. West**, 938 A.2d 1034 (Pa. 2007) (holding that substantive due process challenge to continued validity of defendant's judgment of sentence after a nine-year delay is not cognizable under the PCRA); and **Commonwealth v. Judge**, 916 A.2d 511 (Pa. 2007) (holding that allegation that Canada violated appellant's rights under the International Covenant for Civil and Political Rights is not cognizable under the PCRA). Appellant argues that in light of **West** and **Judge**, "pre-trial mistake by the trial court" put his claims out of the scope of the PCRA. **See** PCRA Petition, filed 11/2/21, at 16. We disagree.

First, whether a claim is cognizable under the PCRA is not dependent upon the number of errors allegedly committed by the lower court. Rather, it depends on the nature of the claim. Second, both **West** and **Judge** are distinguishable, in that the claims raised therein cannot be construed as challenges to the underlying convictions or sentences. Here, on the other hand, Appellant is plainly attacking his conviction and sentence. Accordingly, the claims raised herein are subject to PCRA rules.

In his appellate brief, Appellant rehashes old claims mixing them with apparently new substantive claims, in addition to claiming that the underlying

---

unpublished memorandum (Pa. Super. filed May 13, 2011) (second PCRA petition); and **Commonwealth v. Rankine**, No. 360 EDA 2020, unpublished memorandum (Pa. Super. August 20, 2020, *appeal denied,* 252 A.3d 1085 (Pa. 2021) (third PCRA petition).

petition meets the governmental interference and the newly discovered facts exceptions.

Assuming the claims raised on appeal for the first time are not waived, *see* Pa.R.A.P. 302(b), we still would not grant relief to Appellant.

Regarding the governmental interference exception, Appellant seems to argue that repeated, unsuccessful attempts over the last twenty years to obtain relief on these issues amount to governmental interference. Appellant provides no authority for such a bold claim. In fact, the exception requires that petitioners plead and prove that the failure to raise the claim previously was the result of governmental interference. *See* 42 Pa.C.S.A. § 9545(b)(1)(i). If anything, the repeated, unsuccessful attempts attest to the absence of interference from the government. Additionally, Appellant provides no support for the allegation that denial of relief by the PCRA court, which was affirmed by this Court, and later the Supreme Court, qualifies as governmental interference.

To the extent that Appellant argues that, for purposes of the newly-discovered facts exception, he has been diligent in raising his claims, Appellant fails to acknowledge that he must also prove that the facts upon which the claim is predicated were unknown to him. *See* Pa. 42 Pa.C.S.A. § 9545(b)(1)(ii). The facts upon which the instant claim is predicated upon were known to Appellant for quite some time, as the numerous unsuccessful PCRA petitions easily suggest. Appellant, therefore, failed to establish the newly-discovered facts exception.

"Our courts have emphasized that a petitioner must specifically plead and prove that one of the PCRA timeliness exceptions applies to the untimely petition to avoid the PCRA time-bar." ***Murray***, ***supra*** (citing ***Commonwealth v. Beasley***, 741 A.2d 1258, 1261 (Pa. 1999)).  As Appellant failed to plead and prove that one of the PCRA timeliness exceptions applies to his petition, we conclude that neither this Court nor the PCRA court has jurisdiction to further consider Appellant's petition.  Accordingly, we affirm the PCRA court's order dismissing Appellant's fourth PCRA petition.

Order affirmed.

President Judge Emeritus Steves joins the memorandum.

Judge Kunselman concurs in the result.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 5/7/2024