J-A29009-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| CHRISTOPHER DESAVAGE | : | |
| | : | |
| Appellant | : | No. 964 WDA 2024 |

Appeal from the PCRA Order Entered July 10, 2024
In the Court of Common Pleas of Allegheny County Criminal Division at
No(s): CP-02-CR-0006984-1998

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| CHRISTOPHER JAMES DESAVAGE | : | |
| | : | |
| Appellant | : | No. 85 WDA 2025 |

Appeal from the PCRA Order Entered July 10, 2024
In the Court of Common Pleas of Allegheny County Criminal Division at
No(s): CP-02-CR-0007078-1998

BEFORE:  OLSON, J., DUBOW, J., and BENDER, P.J.E.

MEMORANDUM BY DUBOW, J.:  **FILED: December 31, 2025**

Appellant, Christopher DeSavage, appeals *pro se* from the July 10, 2024 order entered in the Allegheny County Court of Common Pleas dismissing as untimely his second petition filed pursuant to the Post-Conviction Relief Act.[1] After careful consideration, we affirm.

---

[1] 42 Pa.C.S. §§ 9541-46.

The facts and procedural history of this case are largely immaterial to our disposition. Briefly, the court found Appellant guilty of rape, attempted murder, and related crimes following a bench trial. On February 16, 1999, the court sentenced him to an aggregate term of 67½ to 135 years of incarceration.

On February 24, 2004, this Court affirmed the judgment of sentence. *Commonwealth v. DeSavage*, 1719 WDA 2002 (Pa. Super. filed Feb. 24, 2004) (unpublished decision). On June 24, 2004, the Supreme Court denied allowance of appeal. *Commonwealth v. DeSavage*, 854 A.2d 967 (Pa. 2004).

In 2006, a PCRA court denied relief on Appellant's first PCRA, which this Court affirmed in 2007. *Commonwealth v. DeSavage*, 1616 WDA 2006 (Pa. Super. filed Sept. 11, 2007) (unpublished decision).

The docket contains no activity between 2007 and September 11, 2023, when Appellant filed a "Motion for Transcription of Notes of Testimony."

On May 29, 2024, Appellant filed *pro se* the instant PCRA, which is facially untimely as Appellant filed it nearly twenty years after his sentence became final on September 22, 2004. Appellant indicated that he satisfied the governmental interference exception and the newly discovered facts exception to the PCRA's jurisdictional time bar, alleging that he had been denied access to his transcripts, which he argued he needed to "raise any unknown claims" and to "produce more evidence against judge bias/prejudice lies etc." PCRA Petition, 5/29/24, at 3. Appellant specifically claimed that the

- 2 -

transcripts would reveal that the trial court "lied" about his cousin testifying at trial, claiming that she "never took the stand."[2]  PCRA Petition at 4.  He averred that his original PCRA counsel "abandoned" the issue, despite Appellant raising it in his PCRA petition.  *Id.*  Appellant, however, did not explain why he had not requested the transcripts at any time between the completion of his original PCRA proceedings in 2007 and September 2023.

On June 6, 2024, the PCRA court filed a Pa.R.Crim.P. 907 notice of intent to dismiss without a hearing based upon the court's determination that Appellant's petition was time-barred and did not satisfy any of the timeliness exceptions.  The PCRA court also denied Appellant's motion for transcription of the notes of testimony.  Order, 6/5/24.  On July 10, 2024, the PCRA court filed its order dismissing Appellant's PCRA petition.

On July 31, 2024, Appellant filed his initial notice of appeal.[3]  On September 6, 2024, Appellant complied with Pa.R.A.P. 1925(b).

On November 15, 2024, this Court directed the PCRA court to "determine which documents are necessary and relevant for the preparation of Appellant's appeal in this matter and provide a copy of the same to Appellant within sixty[] days[.]"  Order, 11/15/24.  On November 21, 2024, the PCRA court filed its Pa.R.A.P. 1925(a) opinion, in which it indicated "that

---

[2] In his reply brief to this Court, Appellant alleges that the trial court also "lied" about the existence of DNA evidence.  Appellant's Reply Br. at 2.

[3] In October 2024, Appellant complied with this Court's order to file separate appeals at each docket.  On August 8, 2025, this Court consolidated the cases.

the record in this case is incomplete[,]" explaining that "the Office of Court Records has been unable to locate the missing [trial transcripts]." PCRA Ct. Op., 11/21/24, at 3. The PCRA court opined that Appellant's petition was untimely and that Appellant failed to satisfy any exception to the PCRA's jurisdictional time-bar.

Appellant raises *pro se* the following issues on appeal:

I. Court [e]rred in dismissing PCRA as untimely, [Appellant's] PCRA falls under one or more exception[s] to timeliness, spe[c]ifically, [n]ewly discovered evidence, [t]he [b]ench [t]rial [j]udge lied about witness testimony whom never took the stand during trial.

II. Court [e]rred in denying and/or [r]efusing by court order [Appellant's] request for trial transcripts, when there is evidence [Appellant] never had a copy given to him per constitutional right. Transcripts needed to compare bench trial judge[']s 1925(a) opinion to prove judge lied about evidence.

III. Court [e]rred in dismissing PCRA as untimely, [Appellant's] PCRA falls under timeliness exception to government[al] interference. Court refuses to allow [Appellant] a copy of trial transcripts.

Appellant's Br. at 6 (*verbatim* other than indicted alterations].

We review a court's denial of a PCRA petition to determine whether the record supports the PCRA court's findings of fact and "whether its conclusions of law are free from legal error." **Commonwealth v. Small**, 238 A.3d 1267, 1280 (Pa. 2020). While we "review the PCRA court's legal conclusions *de novo*[,]" we defer to the court's "factual findings and credibility determinations, when supported by the record." **Id.**

- 4 -

We reiterate that "the PCRA's timeliness requirements are jurisdictional in nature and must be strictly construed[.]" ***Commonwealth v. Walters***, 135 A.3d 589, 591 (Pa. Super. 2016) (citations omitted). A Pennsylvania court does not have jurisdiction to consider the merits of an untimely PCRA petition unless the petitioner pleads and proves: "(1) [that] the petitioner's inability to raise a claim [resulted from] governmental interference; (2) the discovery of previously unknown facts or evidence that would have supported a claim; or (3) a newly-recognized constitutional right." ***Id.*** at 592 (citing 42 Pa.C.S. § 9545(b)(1)). Any petition invoking a timeliness exception must be filed within one year of the date the claim could have been presented. 42 Pa.C.S. § 9545(b)(2).

Appellant's three issues involve his claim that he satisfied a timeliness exception based upon his allegation that the court or the Commonwealth denied him access to his transcripts, access which he claims would have permitted him to demonstrate that the trial court "lied" in its 2003 Pa.R.A.P. 1925(a) opinion. Appellant's Br. at 7-10. We agree with the PCRA court that Appellant's claims fail because he has not proven any exception to the PCRA's jurisdictional time-bar. PCRA Ct. Op. at 5. Even assuming Appellant could prove his claims of governmental interference or a newly discovered fact, Appellant fails to satisfy the requirements of Section 9545(b)(2) because he has not demonstrated that he raised any of his issues within one year of when they could have been presented. Specifically, Appellant does not explain why he waited until September 2023 to request trial transcripts, nearly twenty

years after the trial court filed the opinion which Appellant claims was inaccurate. Accordingly, we affirm the PCRA court's decision to dismiss Appellant's PCRA petition as untimely.[4]

Order affirmed.

Judgment Entered.

*Benjamin D. Kohler*

Benjamin D. Kohler, Esq.
Prothonotary

12/31/2025

_____

[4] In his reply brief to this Court, Appellant contends that on July 30, 2025, he received "trial transcripts" with the Commonwealth's brief. Appellant's Reply Br. at 1. This statement is inconsistent with the Commonwealth's brief to this Court, stating that the facility storing its files could not locate the transcripts which "may have been destroyed." Com. Br. at 14 n.17. Appellant additionally appends to his brief what he alleges is a portion of the trial transcripts. Appellant's Br. Appendix. Not only are the excerpted pages not in the certified record before this Court, but they are missing any indication of the date of the relevant proceedings. It is well established that our review is limited to the certified record as "what is not contained in the certified record does not exist for purposes of our review." ***Commonwealth v. Brown***, 161 A.3d 960, 968 (Pa. Super. 2017) (citation and internal quotation marks omitted). Even assuming we could rely upon these uncertified documents, we find that the documents do not support Appellant's claim as the testimony does not refute the trial court's statement that scientific evidence existed nor would they undermine other evidence and testimony presented at trial.