J-S43032-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| DONTAYE MALIK DESHIELDS | : | |
| | : | |
| Appellant | : | No. 2065 MDA 2018 |

Appeal from the PCRA Order Entered November 7, 2018
In the Court of Common Pleas of York County Criminal Division at No(s):
CP-67-CR-0006790-2007

BEFORE:   GANTMAN, P.J.E., DUBOW, J., and STEVENS*, P.J.E.

MEMORANDUM BY STEVENS, P.J.E.:                    **FILED AUGUST 26, 2019**

Appellant, Dontaye Malik DeShields ("DeShields"), appeals *pro se* from

the November 7, 2018, order entered in the Court of Common Pleas of York

County dismissing his second petition filed under the Post-Conviction Relief

Act ("PCRA"), 42 Pa.C.S.A. § 9541-46, on the basis it was untimely filed.  After

a careful review, we affirm.

The relevant facts and procedural history have been set forth previously

by this Court, in part, as follows:

> On August 4, 2007, La'Mar Porter ("Porter") was standing
> outside of his residence at 126 Edgar Street, York, Pennsylvania,
> along with Rodney Pinckney ("Pinckney") and several other
> people, including Theodore Varcarcel ("Theo"), the victim.  Porter
> noticed a light-colored automobile traveling down Edgar Street.
> Porter knew that the car belonged to DeShields.  Upon seeing
> DeShields' automobile on Edgar Street, Porter suggested to the
> others that they leave that location.  Porter and the others then
> walked to the corner of Edgar and Poplar Street, and proceeded
> up Poplar Street.  At that point, Porter heard a gunshot, looked

---

*   Former Justice specially assigned to the Superior Court.

over his shoulder, and saw DeShields standing on the corner shooting his gun. Porter and the others ran away from the gunshots.

Subsequently, a person with Porter received a call on his cell phone from Theo. Porter and that person went to look for Theo. However, one of the neighbors in the area came up to them, indicating that he/she had found Theo in an alley, and Theo had died.

On August 5, 2007, Detective Anthony Fetrow of the York City Police interviewed Pinckney, who gave Detective Fetrow an audiotaped statement. [In that statement, Pinckney described an incident in] which DeShields had robbed him of his cell phone at gunpoint. Pinckney stated that, after the robbery, he went to the corner of Poplar and Edgar, where he joined Theo, Porter, and some other people. While on the corner with the others, Pinckney saw DeShields riding in the passenger seat of a tan car as it drove down the street. One of the men told Porter to "get the gun," and he and Porter walked toward the stop sign to see where the tan car had gone. As those two men started to walk back toward Pinckney and the others, DeShields emerged from an alleyway near Edgar. Pinckney then heard seven or eight gunshots, but did not see who was shooting. Upon hearing the gunshots, Pinckney and others ran up Poplar Street. When the group reunited, a person from the original group came running around the corner and indicated that Theo had been shot. Subsequently, DeShields called the cell phone of Lloyd Varcarcel ("Lloyd"), Theo's brother, from Pinckney's phone and said, "Who got the last laugh?" DeShields called Lloyd's phone several times, and Lloyd told DeShields that he better "duck" when Lloyd saw him.

DeShields was charged with first-and third-degree murder relating to the death of Theo. At DeShields' trial, Commonwealth witness Detective Fetrow played Pinckney's audiotaped statement for the jury. After the statement had been played, the Commonwealth called Pinckney to the stand. Pinckney indicated he did not want to take the stand, but the trial court ordered him to do so. The Commonwealth asked Pinckney no questions, and counsel for DeShields then cross-examined Pinckney. Pinckney indicated that he did not recall if he spoke to Detective Fetrow in August 2007. Pinckney testified that he was robbed in August 2007, but he did not know who had robbed him. Pinckney also stated that he did not remember saying that he saw DeShields riding in a car through the area of Poplar and Edgar Streets, that

he saw DeShields firing a gun, that he heard DeShields call someone on Pinckney's cell phone, or that he saw who shot Theo.

At the conclusion of trial, the jury found DeShields guilty of third-degree murder. On July 28, 2008, the trial court sentenced DeShields to a prison term of twenty to forty years. DeShields filed a [m]otion for post-sentence relief, which the trial court denied. DeShields then filed [a] timely appeal[, after which this Court affirmed DeShields' judgment of sentence].

The Pennsylvania Supreme Court denied DeShields' petition for allowance of appeal on March 23, 2010. [DeShields did not file a petition for a writ of *certiorari* with the U.S. Supreme Court.]

On April 21, 2011, DeShields filed a *pro se* PCRA petition. The PCRA court appointed counsel on May 3, 2011, and supplemental PCRA claims were filed [on] June 20, 2011. Following a hearing, the court denied Deshields' petition on July 26, 2011. Thereafter, on September 6, 2011, DeShields filed an appeal, which this Court quashed as untimely filed by order dated March 28, 2012. The PCRA court reinstated DeShields' appellate rights on May 10, 2012, and [DeShields filed a] timely appeal.

*Commonwealth v. DeShields*, No. 1044 MDA 2012, 2013 WL 11264301, at *1–2 (Pa.Super. filed 6/20/13) (unpublished memorandum) (citation and footnote omitted).

On appeal, DeShields alleged appellate counsel was ineffective for not presenting a *Brady* claim on direct appeal. He also alleged trial counsel was ineffective for not calling Lloyd to testify, not requesting a cautionary instruction following the replaying of Pinckney's audiotaped statement, and not requesting a *Kloiber* instruction. Finding no merit to the claims, this Court affirmed the PCRA court's denial of PCRA relief. DeShields did not file a petition for allowance of appeal with our Supreme Court.

- 3 -

On August 20, 2018, DeShields filed the instant *pro se* PCRA petition,[1] and on September 26, 2018, the PCRA court provided DeShields with notice of its intent to dismiss the petition on the basis it was untimely filed. DeShields filed no response, and by order entered on November 7, 2018, the PCRA court dismissed the PCRA petition. This timely, *pro se* appeal followed,[2] and all Pa.R.A.P. 1925 requirements have been met.

On appeal, DeShields presents the sole issue of whether the PCRA court erred in dismissing his PCRA petition on the basis it was untimely filed.

In reviewing the propriety of the PCRA court's dismissal of an appellant's petition, we are limited to determining whether the PCRA court's findings are supported by the record, and whether the order is free of legal error. **Commonwealth v. Allen**, 557 Pa. 135, 732 A.2d 582 (1999).

---

[1] Although DeShields' *pro se* PCRA petition was docketed on August 24, 2018, the petition is dated August 20, 2018. Moreover, although the certified record contains the envelope in which DeShields mailed the petition, the postage time-stamp is unreadable. Nevertheless, out of an abundance of caution, pursuant to the prisoner mailbox rule, we shall deem August 20, 2018, as the filing date for DeShields' *pro se* PCRA petition. **See Commonwealth v. Whitehawk**, 146 A.3d 266, 268 n.3 (Pa.Super. 2016) ("Under the 'Prisoner Mailbox Rule' a document is deemed filed when placed in the hands of prison authorities for mailing.").

[2] Although the notice of appeal was docketed on December 18, 2018, the certified record contains an envelope with a postage time-stamp dated December 2, 2018. Accordingly, pursuant to the prisoner mailbox rule, we shall deem DeShields notice of appeal as having been filed on December 2, 2018. **See Whitehawk**, *supra*.

Pennsylvania law makes it clear that no court has jurisdiction to hear an untimely PCRA petition. ***Commonwealth v. Robinson***, 575 Pa. 500, 837 A.2d 1157 (2003). The most recent amendments to the PCRA, effective January 19, 1996, provide that a PCRA petition, including a second or subsequent petition, shall be filed within one year of the date the underlying judgment becomes final. 42 Pa.C.S.A. § 9545(b)(1). A judgment is deemed final "at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of the time for seeking review." 42 Pa.C.S.A. § 9545(b)(3).

The three statutory exceptions to the timeliness provisions in the PCRA allow for very limited circumstances under which the late filing of a petition will be excused. 42 Pa.C.S.A. § 9545(b)(1). To invoke an exception, a petition must allege and the petitioner must prove:

> (i)     the failure to raise a claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or the law of this Commonwealth or the Constitution or law of the United States;
>
> (ii)    the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or
>
> (iii)   the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S.A. § 9545(b)(1)(i)-(iii).

"We emphasize that it is the petitioner who bears the burden to allege and prove that one of the timeliness exceptions applies." ***Commonwealth v. Marshall***, 596 Pa. 587, 947 A.2d 714, 719 (2008) (citation omitted). Moreover, "the PCRA limits the reach of the exceptions by providing that a petition invoking any of the exceptions must be filed within 60 days of the date the claim first could have been presented." ***Commonwealth v. Walters***, 135 A.3d 589, 592 (Pa.Super. 2016) (citations omitted). ***See*** 42 Pa.C.S.A. § 9545(b)(2).

Here, DeShields was sentenced on July 28, 2008, and this Court affirmed DeShields' judgment of sentence on October 9, 2009. The Pennsylvania Supreme Court denied DeShields' petition for allowance of appeal on March 23, 2010, and DeShields did not file a petition for a writ of *certiorari* with the United States Supreme Court. Accordingly, DeShields' judgment of sentence became final 90 days later, on or about June 23, 2010. ***See*** U.S. Supreme Court Rule 13 (effective January 1, 1990) (stating that a petition for writ of *certiorari* to review a judgment of sentence is deemed timely when it is filed within 90 days). DeShields filed the instant PCRA petition on August 20, 2018, and consequently, it is facially untimely.

However, this does not end our inquiry as DeShields attempts to invoke the timeliness exception of 42 Pa.C.S.A. § 9545(b)(1)(iii) relating to a new constitutional right that applies retroactively. Specifically, he avers the

warrantless seizure of his cell-site location information[3] violated the United States Supreme Court's recent Opinion in **Carpenter v. United States**, ___ U.S. ___, 138 S.Ct. 2206 (2018), which was filed on June 22, 2018.[4]

In **Carpenter**, the High Court addressed the issue of cell-site location information and an individual's expectations of privacy for Fourth Amendment purposes. The High Court held that the Government must generally obtain a search warrant supported by probable cause before acquiring a suspect's cell-site location information from a wireless carrier.

DeShields argues the police did not secure a search warrant in this case before acquiring his cell-site location information, and thus, his case falls within the newly recognized constitutional-right exception.

Our Supreme Court has set forth a two-part test to determine the applicability of Section 9545(b)(1)(iii) to a new decision:

> Subsection (iii) of Section 9545 has two requirements. First, it provides that the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or [the Pennsylvania Supreme Court] after the time provided in this

---

[3] DeShields alleges the Commonwealth's trial theory was that, after DeShields shot and killed Theo, he called Theo's brother, Lloyd, to taunt him about the murder. DeShields further alleges that, to prove this theory, as well as DeShields' physical location at the time of the murder, the Commonwealth presented the testimony of a radio frequency engineer for T-Mobile, who testified about DeShields' cell phone's physical movement as captured through cell-site location information.

[4] Inasmuch as the U.S. Supreme Court filed its Opinion in **Carpenter** on June 22, 2018, and DeShields filed the instant *pro se* PCRA petition on August 20, 2018, we conclude he has met the initial threshold of raising his claim within 60 days of when claim first could have been presented. **Walters**, *supra*.

- 7 -

section. Second, it provides that the right "has been held" by "that court" to apply retroactively. Thus, a petitioner must prove that there is a "new" constitutional right and that the right "has been held" by that court to apply retroactively. The language "has been held" is in the past tense. These words mean that the action has already occurred, *i.e.*, "that court" has already held the new constitutional right to be retroactive to cases on collateral review. By employing the past tense in writing this provision, the legislature clearly intended that the right was already recognized at the time the petition was filed.

**Commonwealth v. Abdul-Salaam**, 571 Pa. 219, 812 A.2d 497, 501 (2002).

In the case *sub judice*, assuming, *arguendo*, **Carpenter** set forth a "new constitutional right," we conclude that neither the United States Supreme Court nor our Pennsylvania Supreme Court has held that **Carpenter** applies retroactively so as to satisfy Section 9545(b)(1)(iii). **See Abdul-Salaam**, **supra**. Since no holding has been issued by the High Federal or State Courts, DeShields cannot rely on **Carpenter** to meet the timeliness exception of Section 9545(b)(1)(iii).

Consequently, because the instant PCRA petition was untimely and no exceptions apply, the PCRA court lacked jurisdiction to address the claims presented. Thus, we affirm the PCRA court's order dismissing DeShields' PCRA petition.

Affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 08/26/2019