J-S13042-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| WALTER SAWYER | : | |
| | : | |
| Appellant | : | No. 1213 MDA 2021 |

Appeal from the PCRA Order Entered August 23, 2021
In the Court of Common Pleas of Dauphin County Criminal Division at
No(s):  CP-22-CR-0004317-2013

BEFORE:   STABILE, J., KING, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY STEVENS, P.J.E.:                    **FILED MAY 19, 2022**

Appellant Walter Sawyer appeals from the order of the Court of Common Pleas of Dauphin County denying his petition pursuant to the Post-Conviction Relief Act (PCRA)[1] as untimely filed.  After careful review, we affirm.

On April 22, 2014, a jury convicted Appellant of kidnapping, unlawful contact with a minor, and providing false identification to law enforcement officers.  On the same day, the trial court sentenced Appellant to twenty-five to fifty years' imprisonment on the kidnapping charge, a concurrent term of five to ten years' imprisonment on the unlawful contact charge, and a concurrent term of one to two years' imprisonment on the false identification charge.  The kidnapping sentence was imposed pursuant to the "three strikes" provision of 42 Pa.C.S.A. § 9714(a)(2).

_____

[*] Former Justice specially assigned to the Superior Court.
[1] 42 Pa.C.S.A. §§ 9541-9546.

On May 2, 2014, Appellant filed timely post-sentence motions. On June 16, 2014, the trial court granted the motions in part, issuing an amended sentencing order which reduced Appellant's sentence on the false identification charge to a term of six to twelve months' imprisonment. In all other respects, the trial court denied Appellant's post-sentence motions.

On June 24, 2014, Appellant filed a *pro se* amendment to his counseled post-sentence motions, arguing that he only had one prior offense that qualified as a "strike" for sentencing purposes. On August 6, 2014, the trial court granted Appellant's post-sentence motion in part, determining that Appellant had not committed two prior crimes of violence to support the imposition of a "third strike" sentence under 42 Pa.C.S.A. § 9714(a)(2). In its order, the trial court indicated that it would resentence Appellant on the kidnapping count to 120-240 months' imprisonment for a "second strike" conviction pursuant to 42 Pa.C.S.A. § 9714(a)(1).

On April 22, 2015, this Court upheld Appellant's convictions but vacated his sentence and remanded for resentencing as the trial court's sentencing order listed his sentence on the kidnapping charge as 120-140 months' imprisonment. This Court found that the sentence was illegal because the maximum sentence did not equal twice the minimum sentence in violation of 42 Pa.C.S.A. § 9714(a.1).

On remand, the trial court resentenced Appellant to 120 to 240 months' imprisonment. On July 19, 2016, this Court affirmed the judgment of

sentence, and on December 28, 2016, the Supreme Court denied Appellant's petition for allowance of appeal.

On January 25, 2017, Appellant filed a timely *pro se* PCRA petition. The PCRA court appointed counsel, who filed a supplemental PCRA petition on April 18, 2017. After an evidentiary hearing, the PCRA court denied the petition on February 16, 2018, and this Court affirmed the PCRA court's order on October 16, 2018.

On May 20, 2019, Appellant filed a second PCRA petition. On December 30, 2019, the PCRA court filed notice of its intent to dismiss the petition without a hearing pursuant to Pa.R.Crim.P. 907. On January 21, 2020, the PCRA court dismissed the petition and on November 6, 2020, this Court affirmed the PCRA court's order.

On January 5, 2021, Appellant filed the instant PCRA petition as well as a "Petition for Extraordinary Relief Illegal Sentence," both of which included a claim that Appellant should not have been sentenced under Section 9714 as he had no prior offenses that qualified as a "strike." The PCRA court appointed counsel, who filed a supplemental petition on April 15, 2021.

On July 19, 2021, the PCRA court filed an order and opinion notifying Appellant of its intent to dismiss the petition pursuant to Rule 907, finding the instant petition was untimely filed. On August 23, 2021, the PCRA court entered a final order dismissing the petition. This timely appeal followed.

Appellant raises the following issues for our review:

> A. Whether the trial court erred in dismissing Appellant's PCRA petition without an evidentiary hearing where [Appellant] presented genuine issues of material fact?
>
> B. Whether the trial court erred in dismissing Appellant's PCRA petition where Appellant was sentenced to a mandatory [minimum sentence] pursuant to 42 Pa.C.S.A. § 9714 without having been convicted of a qualifying prior?

Appellant's Brief, at 4.

As an initial matter, we must determine whether the instant PCRA petition was timely filed. It is well-established that "the PCRA's timeliness requirements are jurisdictional in nature and must be strictly construed; courts may not address the merits of the issues raised in a petition if it is not timely filed." **Commonwealth v. Walters**, 135 A.3d 589, 591 (Pa.Super. 2016) (citations omitted).

Generally, a PCRA petition "including a second or subsequent petition, shall be filed within one year of the date the judgment of sentence becomes final." 42 Pa.C.S.A. § 9545(b)(1). A judgment of sentence becomes final at the conclusion of direct review or the expiration of the time for seeking the review. 42 Pa.C.S.A. § 9545(b)(3).

However, Pennsylvania courts may consider an untimely PCRA petition if the petitioner explicitly pleads and proves one of the three exceptions enumerated in Section 9545(b)(1), which include: (1) the petitioner's inability to raise a claim as a result of governmental interference; (2) the discovery of previously unknown facts or evidence that would have supported a claim; or (3) a newly-recognized constitutional right that has been held to apply

retroactively by the Supreme Court of the United States or the Supreme Court of Pennsylvania. 42 Pa.C.S.A. § 9545(b)(1)(i)-(iii).

Any petition invoking a timeliness exception must be filed within one year of the date the claim could have been presented. 42 Pa.C.S.A. § 9545(b)(2).[2] "We emphasize that it is the petitioner who bears the burden to allege and prove that one of the timeliness exceptions applies." ***Commonwealth v. Marshall***, 596 Pa. 587, 947 A.2d 714, 719 (2008) (citation omitted).

In this case, this Court affirmed the judgment of sentence on July 19, 2016 and our Supreme Court denied Appellant's petition for allowance of appeal on December 28, 2016. As such, the judgment of sentence became final in March 2017 after the time period for Appellant to file an appeal to the Supreme Court of the United States had expired. ***See*** U.S.Sup.Ct.R.13(1) (stating "a petition for a writ of *certiorari* to review a judgment in any case … is timely when it is filed with the Clerk of this Court within 90 days after entry of the judgment"). As Appellant had until March 2018 to file a petition and

---

[2] Section 9545(b)(2) previously provided that a petition invoking a timeliness exception was required to be filed within sixty days of the date the claim could first have been presented. However, effective December 24, 2018, the legislature amended Subsection 9545(b)(2) to read: "Any petition invoking an exception provided in paragraph (1) shall be filed within one year of the date the claim could have been presented." ***See*** 42 Pa.C.S.A. § 9545(b)(2) (effective December 24, 2018). The amendment to Subsection 9545(b)(2) only applies to "claims arising on [December] 24, 2017, or thereafter." ***See id.***, cmt. We shall assume, *arguendo*, the amended version of Subsection 9545(b)(2) is applicable to the instant matter.

Appellant did not file the instant petition until January 5, 2021, the instant petition is facially untimely.

Appellant does not specifically claim that he is entitled to invoke any of the PCRA timeliness exceptions. He merely asserts that he relied on the expertise of his attorney and only discovered that he wished to raise a challenge to the legality of his sentence after researching the law on his own.

To the extent that Appellant is attempting to raise the newly-discovered fact exception to the PCRA time-bar, we find this argument to be meritless. To meet the timeliness exception set forth in Section 9545(b)(1)(ii), a petitioner must show that "he did not know the facts upon which he based his petition and could not have learned those facts earlier by the exercise of due diligence." *Commonwealth v. Brown*, 111 A.3d 171, 176 (Pa.Super. 2015).

After Appellant was resentenced in October 2015 and his sentence became final in March 2017, Appellant offers no reason as to why he could not have discovered that he wished to challenge the legality of his sentence within one year after his sentence became final, other than his suggestion that he researched the applicable law on his own without the assistance of his counsel and discovered he wished to raise a legality of sentence claim.

Assuming *arguendo* that Appellant met the initial threshold of invoking the exception within one year of the date the claim could have been presented, 42 Pa.C.S.A. § 9545(b)(2), Appellant cannot carve out an exception to the jurisdiction timeliness requirements based on his allegation of the ineffective assistance of counsel. It is well-settled that allegations of ineffective

assistance will not overcome the jurisdiction timeliness requirements of the PCRA. ***See Commonwealth v. Gamboa-Taylor***, 753 A.2d 780, 785-86 (Pa. 2000) (finding that the "fact" current counsel discovered that prior PCRA counsel failed to develop issue of trial counsel's ineffectiveness was not after-discovered evidence for exception to PCRA time-bar).

In addition, while a legality of sentence claim is eligible for review under the PCRA, the claim still must satisfy the PCRA's time restrictions or qualify under one of the PCRA timeliness exceptions. ***Commonwealth v. Fahy***, 737 A.2d 214, 223 (Pa. 1999).

Our courts have emphasized that a petitioner must specifically plead and prove that one of the PCRA timeliness exceptions applies to the untimely petition in order to avoid the PCRA time bar. ***Commonwealth v. Beasley***, 741 A.2d 1258, 1261 (Pa. 1999). Accordingly, as Appellant has not pled or proven that one of the PCRA timeliness exceptions applies to this petition, we conclude that the PCRA court did not err in dismissing his petition.

Order affirmed.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 5/19/2022