J-S43011-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| FREDRICK GREEN | : | |
| | : | |
| Appellant | : | No. 2230 EDA 2021 |

Appeal from the PCRA Order Entered September 27, 2021
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s):  CP-51-CR-0011490-2010

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| FREDRICK GREEN | : | |
| | : | |
| Appellant | : | No. 2231 EDA 2021 |

Appeal from the PCRA Order Entered September 27, 2021
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s):  CP-51-CR-0011494-2010

BEFORE:  DUBOW, J., KUNSELMAN, J., and NICHOLS, J.

MEMORANDUM BY DUBOW, J.:                    **FILED JANUARY 27, 2023**

Appellant, Fredrick Green, appeals from the order entered on September 27, 2021, in the Court of Common Pleas of Philadelphia County, dismissing his first petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. §§ 9541-46. The PCRA court found that Appellant failed to invoke its jurisdiction because Appellant filed his petition in an untimely manner and

failed to plead and prove that the facts of his case fell within an exception to the PCRA's jurisdictional time-bar. We agree and, thus, affirm.

On June 4, 2010, Appellant fired a handgun at a police officer on a street in Philadelphia. On May 18, 2011, a jury convicted Appellant of multiple crimes including Assault of a Law Enforcement Officer with a Firearm. On November 15, 2011, the court sentenced Appellant to an aggregate term of 22½ to 45 years' incarceration.

This Court affirmed Appellant's judgment of sentence and, on November 27, 2013, our Supreme Court denied Appellant's petition for allowance of appeal. **Commonwealth v. Green**, 82 A.3d 1074 (Pa. Super. filed July 23, 2013) (unpublished memorandum), *appeal denied*, 80 A.3d 775 (Pa. 2013). Appellant did not petition the U.S. Supreme Court for a writ of *certiorari* and, thus, his judgment of sentence became final on February 26, 2014.[1]

On March 8, 2019, Appellant *pro se* filed the instant PCRA Petition, his first. The PCRA court appointed counsel and, on September 10, 2019, PCRA counsel filed an amended petition. The amended petition alleged, *inter alia*, that Appellant's trial counsel was ineffective for failing to obtain video surveillance footage from cameras in the area of the incident to show that he did not shoot at the police officer. Appellant asserted that the cameras' existence was a newly discovered fact sufficient to overcome the PCRA's one-year time-bar. In direct contradiction, however, Appellant also claimed to have

---

[1] **See** U.S. Sup.Ct.R. 13(1); 42 Pa.C.S. § 9545(b)(3).

"requested [surveillance camera footage] prior to trial and none [was] turned over to [Appellant] by the Commonwealth[.]"[2]

On August 13, 2021, the PCRA court issued a Rule 907 Notice of its intent to dismiss Appellant's petition without a hearing. Appellant did not respond to the notice. On September 28, 2021, the PCRA court dismissed the petition. Appellant timely filed a Notice of Appeal and a Pa.R.A.P. 1925(b) Statement *nunc pro tunc*. The PCRA court authored a comprehensive Rule 1925(a) Opinion.

Appellant raises a single issue for our review:

Did the Appellant suffer ineffective assistance of counsel when his attorney failed to hire a private investigator prior to trial, which would have enabled that investigator to locate video cameras that were situated in the vicinity of this incident and would have shown that the Appellant never fired his handgun at any police officer, and also after undersigned counsel provided newly discovered evidence in the form of a recently hired investigator's photographs and conclusions to the Court which showed that numerous video cameras currently existed in the vicinity of the shooting and that had such an investigative finding been conducted prior to trial, exculpatory evidence would probably have been uncovered entitling the Appellant to relief.

Appellant's Br. at 3.

As an initial matter, we must determine whether the instant PCRA petition was timely filed.[3] It is well-established that "the PCRA's timeliness

---

[2] Amended PCRA Petition, 9/10/19, at ¶ 11(a).

[3] "Our standard of review of a PCRA court's dismissal of a PCRA petition is limited to examining whether the PCRA court's determination is supported by the evidence of record and free of legal error." **Commonwealth v. Wilson**, 824 A.2d 331, 333 (Pa. Super. 2003) (*en banc*).

requirements are jurisdictional in nature and must be strictly construed; courts may not address the merits of the issues raised in a petition if it is not timely filed." **Commonwealth v. Walters**, 135 A.3d 589, 591 (Pa. Super. 2016) (citation omitted).

Generally, a PCRA petition "including a second or subsequent petition, shall be filed within one year of the date the judgment of sentence becomes final." 42 Pa.C.S. § 9545(b)(1). Here, Appellant's judgment of sentence became final on February 26, 2014. Thus, Appellant's petition, filed on March 8, 2019, is patently untimely.

Pennsylvania courts may consider an untimely PCRA Petition if the petitioner pleads and proves one of the three exceptions enumerated in 42 Pa.C.S. § 9545(b)(1)(i)-(iii). In the instant case, Appellant alleges the applicability of the newly discovered fact exception, which requires proof that "the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence[.]" **Id.** at § 9545(b)(1)(ii). Due diligence requires that the petitioner "take reasonable steps to protect his own interests." **Commonwealth v. Monaco**, 996 A.2d 1076, 1080 (Pa. Super. 2010). "A petitioner must explain why he could not have obtained the new fact(s) earlier with the exercise of due diligence." **Id.**

Appellant alleges that the existence of cameras in the area where he shot at police is a "new fact" sufficient to endow the PCRA court with jurisdiction. Appellant's Br. at 10-13. The PCRA court disagreed, focusing on Appellant's assertion that he requested the camera footage before his 2011

- 4 -

trial. PCRA Ct. Op., 2/4/22, at 10. **See also** Amended PCRA Petition, 9/10/19, at ¶ 1(a). It explained that Appellant could not have both known about and requested camera footage pre-trial and have discovered the cameras post-trial. PCRA Ct. Op. at 10.

> Appellant contradicts his use of the [newly-discovered fact exception] to the PCRA time-bar. . . . Appellant alleges that surveillance tapes that he knew about and requested prior to trial now constitute [newly]-discovered [facts]. This alleged surveillance footage cannot be both requested prior to trial and [an] after-discovered [fact]. As a result, any surveillance footage, if it existed, cannot qualify as [a newly] discovered [fact] to overcome the PCRA time-bar.

**Id.** The PCRA court, thus, found itself without jurisdiction to address Appellant's claim. **Id.**

We agree. Appellant cannot have both requested the camera footage before his trial in 2011 and discovered it within one year of filing his PCRA Petition in March 2019.[4] Moreover, even if Appellant did not know of the location of the cameras until recently, he has failed to explain how, with the exercise of due diligence, he could not have discovered them sooner.

The PCRA court properly concluded that it lacked jurisdiction to consider the merits of Appellant's untimely PCRA Petition because Appellant failed to plead and prove an exception to the PCRA time-bar. Accordingly, we affirm the PCRA court's order dismissing the petition.

Order affirmed.

---

[4] 42 Pa.C.S. § 9545(b)(1) ("Any petition invoking an exception provided in paragraph (1) shall be filed within one year of the date the claim could have been presented.").

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 1/27/2023