J-A04022-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
|---|---|---|
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| NEAL I. MCCOLLUM | : | |
| | : | |
| | : | No. 876 MDA 2022 |

Appeal from the PCRA Order Entered May 18, 2022
In the Court of Common Pleas of Dauphin County Criminal Division at
No(s): CP-22-CR-0002018-2004

BEFORE: STABILE, J., DUBOW, J., and McCAFFERY, J.

JUDGMENT ORDER BY DUBOW, J.: **FILED: FEBRUARY 21, 2023**

Appellant, Neal I. McCollum, appeals *pro se* from the order entered in the Court of Common Pleas of Dauphin County dismissing his petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. §§ 9541-46. The PCRA court found that Appellant failed to invoke its jurisdiction because Appellant filed his petition in an untimely manner and did not plead and prove that the facts of his case fell within an exception to the PCRA's jurisdictional time-bar. We agree and, thus, affirm.

In April 2006, a jury convicted Appellant of Rape of a Child and related offenses. The court sentenced Appellant to an aggregate 21-to-42-year term of incarceration. This Court affirmed Appellant's judgment of sentence and, on July 10, 2008, our Supreme Court denied review. ***Commonwealth v. McCollum***, 945 A.2d 765 (Pa. Super. 2007) (unpublished memorandum), *appeal denied*, 951 A.2d 1162 (Pa. 2008). Appellant did not petition the U.S.

Supreme Court for a writ of *certiorari* and, thus, his judgment of sentence became final on October 9, 2008.[1]

On April 11, 2022, Appellant *pro se* filed the instant PCRA Petition, his fourth.[2] On April 19, 2022, the PCRA court issued a Rule 907 notice of its intent to dismiss Appellant's petition without a hearing. The court explained that Appellant untimely filed his petition and failed to plead an exception to the PCRA's time-bar. Appellant filed a response to the court's notice but did not address the timeliness of his petition.

On May 18, 2022, the PCRA court dismissed Appellant's petition as untimely. Appellant *pro se* filed a timely Notice of Appeal and both he and the PCRA court complied with Pa.R.A.P. 1925.

Appellant raises ten issues on appeal. Appellant's Br. At 5. Before we can address the merits of these issues, however, we must determine if they are properly before us.[3]

---

[1] **See** U.S. Sup. Ct. R. 13(1); 42 Pa.C.S. § 9545(b)(3).

[2] Appellant titled his petition as a "Motion in Arrest[ of] Judgment." PCRA Petition, 4/11/22. The PCRA court properly construed Appellant's motion as a petition filed pursuant to the PCRA. **See** PCRA Ct. Or., 4/19/22, at 2. **See also** Pa.R.Crim.P. 720(A)(1), (B)(1)(a)(iii) (providing 10 days to file a post-sentence motion in arrest of judgment); **Commonwealth v. Taylor**, 65 A.3d 462, 467 (Pa. Super. 2013) ("an untimely post-sentence motion filed after finality of judgment is to be treated as a PCRA petition.").

[3] "Our standard of review of a PCRA court's dismissal of a PCRA petition is limited to examining whether the PCRA court's determination is supported by the evidence of record and free of legal error." **Commonwealth v. Wilson**, 824 A.2d 331, 333 (Pa. Super. 2003) (*en banc*).

- 2 -

It is well-established that "the PCRA's timeliness requirements are jurisdictional in nature and must be strictly construed; courts may not address the merits of the issues raised in a petition if it is not timely filed." ***Commonwealth v. Walters***, 135 A.3d 589, 591 (Pa. Super. 2016) (citation omitted). Generally, a PCRA petition "including a second or subsequent petition, shall be filed within one year of the date the judgment of sentence becomes final[.]" 42 Pa.C.S. § 9545(b)(1). Pennsylvania courts may consider an untimely PCRA Petition only if the petitioner pleads and proves one of the three exceptions enumerated in Section 9545(b)(1). ***Id.*** at § 9545(b)(1)(i)-(iii).

In dismissing Appellant's petition, the PCRA court found that Appellant failed to invoke its jurisdiction. PCRA Ct. Or., 4/19/22, at 3. It explained that Appellant filed his petition in an untimely manner and "has not proven, nor even alleged, a timeliness exception[.]" ***Id.*** As a result, the court had "no jurisdiction over the petition" and "no legal authority to address the substantive claims" raised therein. ***Id.*** at 4.

We agree. Appellant's judgment of sentence became final in October 2008. The instant petition, filed over 13 years later, is patently untimely. Despite its patent untimeliness, Appellant did not assert any of the statutory timing exceptions in his petition. Accordingly, we affirm the PCRA court order dismissing Appellant's petition as untimely.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: <u>2/21/2023</u>